STREET
*v.*
MULLIN.

Monday,
May 31.

---

STREET *v.* MULLIN and Another.

If a plea professing to set up, in bar of the action, a total failure of consideration, show a partial failure only, it is bad on general demurrer.

APPEAL from the *Union* Circuit Court.

Tuesday,
June 1.

SULLIVAN, J.—Assumpsit on a promissory note. The defendants pleaded nine pleas. The first and fifth were withdrawn. Issues to the country were made on the second, third, fourth, and ninth pleas, and general demurrers were filed to the sixth, seventh, and eighth. The demurrers were overruled and judgment was given for the defendants. The only question is whether the pleas demurred to, or either of them, were a bar to the plaintiff's action?

The sixth plea states, that the note in the declaration mentioned was given in part consideration of a lease by the plaintiff to *Mullin,* one of the defendants, of a certain tract of land, saw-mill, and buildings owned, &c., for the term of three years, &c., and for no other consideration whatever; that the plaintiff, at the time, &c., warranted the said mill to be in good condition, and to do good work; but defendant avers that it was not then in good condition and would not do good work, but was wholly useless; wherefore the consideration of said note has wholly failed, &c. The seventh plea alleges, that the note was given in consideration of a lease to *Mullin* by the plaintiff of a certain tract of land,

May Term, 1841.

saw-mill, and buildings; that at the time of the execution of said lease, plaintiff falsely and fraudulently represented the said saw-mill to be in a condition to do good and profitable business, &c.; in consequence of which said false and fraudulent representation, the said defendants executed the said promissory note in part consideration of the rent aforesaid; that the said saw-mill, at, &c., was not in a condition to do a good and profitable business, but was worthless, &c.; wherefore the consideration of said note has wholly failed, &c. The eighth plea is substantially the same as the sixth.

If the rent of the saw-mill had been the only consideration of the note sued on, we might have had some hesitancy in deciding against the validity of the pleas. But in addition to the mill, a tract of land on which other buildings were erected was a part of the consideration. The land and buildings constituted, for aught that appears, a large part of the consideration of the note, and the defendants do not plead that *they* were of no value. As to that part of the consideration the pleas are silent. A plea that professes to answer the whole declaration, and answers part only, is bad on general demurrer. 1 Ch. Plead. 554. In this case the pleas do not answer all they assume to answer. They profess to set up a total failure of the consideration, and show a partial failure only. The defence is not a bar to the whole action. *Wynn et al.* v. *Hiday*, 2 Blackf. 123, and note. The Court, therefore, erred in overruling the demurrers to the pleas.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman*, for the appellant.

*C. H. Test*, for the appellees.