(1) Counsel for the appellant cited authority to the following points:

The defendant asked the Court to instruct the jury that, "If *Cox* had stated to *Reynolds* that the water-wheel was sound and proper for the purpose for which it was designed, and the defendant, relying upon and confiding in his statements, made no examination into the condition of the wheel, and the wheel was, in fact, defective, and the defect could not be discovered without a particular examination; then the plaintiff would be responsible for the damages occasioned by the defect." This is certainly a proper exposition of the law, and the defendant should have had the benefit of it to the jury. 2 Kent's Comm. 487.—3 Black. Comm. 165.—*Bischof* v. *Coffelt,* 6 Ind. R. 23.—*Peter* v. *Wright, id.* 183.

The true inquiry in the case, as to the locality of the land sold and conveyed, should be, how much less the land received by the defendant is worth, than it would be, had it agreed with the description given by the plaintiff, and the fair price of procuring for the mill privileges what was pointed out as belonging to them—if since procured and paid for by defendant, whether by purchase or otherwise, he should have a right to rebate that amount from the purchase-money unpaid. *Cowger* v. *Gordon,* 4 Blackf. 110.—*Gordon* v. *Cowger, id.* 231. —*Cox* v. *Reynolds,* 7 Ind. R. 257.

---

## ROSE *v.* THE NORTH RIVER BANK.

Suit upon a bond. Answer, that the bond was given to secure the unpaid purchase-money of certain lands, and for no other consideration; that at the time of the sale, the vendor represented that a certain mortgage of a part of the lands had been paid, &c., but that said mortgage had not been paid, &c. Neither the amount for which the mortgage was given, nor the amount of the decree of foreclosure was specified, but in these respects the answer was left blank; nor was there anything in the answer from which the amounts could be inferred. *Held,* bad on demurrer.

A paragraph of an answer pleaded to the whole cause of action, but answering only a part of it, is bad on demurrer.

APPEAL from the *Laporte* Circuit Court.

WORDEN, J.—Action by the appellee against the appellant, on a bond.

The complaint avers that, on the 23d of *August,* 1850, the defendant made his bond, payable to *Charles Denison,* who was then the president of said bank, in the penalty of 12,168 dollars, 88 cents, conditioned for the payment of 6,084 dollars, 44 cents, payable in five equal annual install-

ments, with interest, &c.; that the last installment of the principal, amounting to 1,216 dollars, 88 cents, together with the interest thereon, from, &c., remains due and unpaid; that the bank is the owner of the bond, &c. Judgment is demanded for the amount of the installment, and the interest thereon, and exchange.

The defendant answered—

1. By a general denial.

2. That before the date of the bond, viz., on the 1st of *January*, 1850, he purchased of *Nathaniel Weed*, then the president of said bank, certain real estate (described in the answer), for the sum of 10,000 dollars; that afterwards, on the 20th of *April*, 1850, the said *Weed* and wife executed to him a deed therefor, but the same was not delivered until the said 23d of *August*, 1850; that before the date of the bond sued on, *Weed* had ceased to be the president of the bank, and *Denison* had become such president; that on said 23d of *August*, 1850, *Denison* by his contract of that date, agreed to convey to the defendant certain other real estate, (described in the answer, on demand, and by the contract agreed and admitted, that the defendant had secured the purchase-money thereof, viz., 600 dollars, by the bond now sued on; that the deed for the lands first mentioned was on that day deliverd to him by said *Denison*, and that the bond sued on was executed to secure the then unpaid purchase-money for the lands described in the deed, and for those described in said contract, and for no other consideration whatever; that the defendant demanded a deed for the land described in the contract, to-wit, on the first day of *January*, 1850, but that *Denison* has wholly failed to make the same; that said *Weed* did, and *Denison* does, hold the title to said lands for the benefit of, and in trust for the said plaintiff, and not otherwise; that they derive their title through one *George W. Allen*, who purchased the same from *Arthur Bronson*, and on the 3d of *July*, 1840, mortgaged the same to *Bronson*; that in *October*, 1846, the mortgage was foreclosed in the *Laporte* Circuit Court, and that the decree of foreclosure is still in full force and unpaid; that at the time of his

purchase of these lands, the sellers represented that the mortgage was paid, and agreed to have the same canceled of record; that the mortgage debt is not paid, nor is the mortgage canceled of record; that said mortgage, even if paid, is a cloud upon his title, &c. The defendant asks that said *Denison* and *Bronson* be made parties, and that the plaintiff, or *Denison*, be decreed to pay off the mortgage, and cause the same to be canceled of record, and that *Denison* be decreed to convey to the defendant the land mentioned in the contract, and for other relief.

To this paragraph of the answer, the plaintiff demurred, assigning for cause that the same does not state facts sufficient to constitute a defense.

The demurrer was sustained, and the defendant excepted.

*Denison* was made a defendant in the first instance, but process being returned not found as to him, the plaintiff elected to proceed against *Rose* alone.

The cause was submitted to the Court for trial on the issue joined, and there was a finding and judgment for the plaintiff, for 1,384 dollars, 61 cents.

Two errors are assigned—

1. In sustaining the demurrer to the second paragraph of the answer; and,

2. That there was no sufficient finding to authorize the judgment.

The amount for which the mortgage set up in the answer was given, is not specified, nor is the amount of the decree of foreclosure; but in these respects the answer is left blank. Nor is there anything in the answer from which we can infer the amount. It is said by counsel for appellant, in his brief, that it was agreed that the blanks might be filled up at any time, and this statement seems to be acquiesced in by counsel for the appellee. But the blanks have not been filled up, and there is nothing in the record from which we can judge of the extent of the mortgage incumbrance. In this state of the record, we can only presume that the mortgage was for a nominal sum.

This disposes of that branch of the defense resting upon

the alleged mortgage; and the balance of the answer is only <span>Nov. Term, 1858.</span> good as to the purchase-money for the land last purchased, viz., 600 dollars. The paragraph under consideration is <span>ROSE v. THE NORTH RIVER BANK.</span> pleaded to the whole complaint, whereas it is an answer to only a part of it. It professes to answer the whole cause of action for the last installment on the bond, of 1,216 dollars, 88 cents, and the interest; but it is only good as to 600 dollars and the interest. In such case, the answer is bad. *Street* v. *Mullin et al.*, 5 Blackf. 563.—*Beagles* v. *Sefton*, 7 Ind. R. 496. This rule, we think, is not at all changed by the code. Such an answer, certainly, does not contain facts sufficient to constitute a defense to the action. This is in accordance with the decisions in *New York.* Van Santv. Pl., 2d ed., 784.

Several other objections are made to the paragraph under consideration; but we deem it unnecessary to notice them, as the above was sufficient to justify the ruling of the Court.

The other error assigned is, in reference to the finding of the Court. The Court found that there was due from the defendant, *Rose*, to the plaintiff, on said land, the sum of 1,384 dollars, 61 cents. This we regard as a sufficient finding. On the supposition that the word "land" is not a clerical error for *bond*, it may be stricken out as surplusage, and the finding will still be ample.

We are of opinion that the Court committed no error in its rulings, and that the judgment should be affirmed.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*A. L. Osborn*, for the appellant.

· *J. B. Niles*, for the bank (1).

(1) Mr. *Niles* submitted the following argument:

This answer is defective in every particular.

1. As to that part which sets up the *Bronson* mortgage. It is not shown whether the deed from *Weed* to *Rose* contained covenants, or was only a quit-claim. If it contained covenants against incumbrances, *Rose's* remedy is a plain one, by an action on the covenants, and he could have no right to such a kind of equitable relief as he asks for, without alleging the insolvency of the other party, or some peculiar circumstances to entitle him to it. If the deed was without covenants, he cannot now set up a simultaneous parol understand-

ing to vary its effect. 1 Pars. on Cont. 472 and note (z). The answer states that when the defendant bought the lands said to be covered by the *Bronson* mortgage, "the sellers represented to, and told him that the mortgage was paid, and agreed to have the same canceled of record." But it is not pretended that the representation, if made, was fraudulent, or that the defendant relied upon or was deceived by it. So far as this clause alleges an agreement to have the mortgage canceled, even if a 'contemporaneous parol agreement could be relied on, it is shown to have been without consideration, and consequently void; for in an earlier part of the answer it is said that the bond sued on was given to secure the purchase-money of the lands sold to the defendant, "and for no other or different consideration or thing whatever." Again, the amount of the *Bronson* mortgage is not specified, and it, together with the 600 dollars, the price of the last tract sold, may, for aught the Court can know, have been less than the last installment on the bond, for which the suit was brought. It does not appear that the defendant ever requested any of the parties to cause the mortgage or decree to be canceled, or that a reasonable time for doing it has elapsed. This, also, is a fatal objection.

2. That part of the paragraph which sets up the purchase of a tract of land for 600 dollars, which was included in the bond for 6,084 dollars, 44 cents, on which the suit is brought, and the agreement of *Denison* to convey that tract on demand, is equally defective. No proper demand for the deed is alleged. A party agreeing to convey land to another, is not in default until the party who is to receive the conveyance has demanded it, and given the other a reasonable time to have it executed, except in case of refusal on the first demand, or of some other circumstance taking the case out of the common rule. *Sheets* v. *Andrews*, 2 Blackf. 274, and notes. It is not even alleged that the demand was made before the commencement of the suit. The time being stated under a *videlicet*, refers to no definite time.

The answer does not show on whom the demand was made; it simply states that the defendant *has demanded the deed*. Where a special demand is necessary, as in this case, it must be shown by and to whom it was made, and the time of making it, in order that the Court may judge whether the request was sufficient. 1 Chit. Pl., 11th Am. from 7th Lond. ed., 331, and authorities there cited.—3 *id*. 1154.

Even if this answer were good otherwise, it is bad as applying only to a part of the cause of action, while it is pleaded in bar of the whole. In the best possible view of the case for the appellant, the answer could only be held good as to the 600 dollars, which is the only sum specifically mentioned, leaving a still larger amount in effect undefended. This paragraph of the answer, therefore, most plainly, not being good in bar of the whole of the plaintiff's claim, cannot be set up in bar of the action; and if not a good bar of the whole cause of action, it is, as pleaded, good for nothing. *Beagles* v. *Sefton*, 7 Ind. R. 496.— Voorhies' Code, 159.