### SMITH *v.* BAXTER and Another.

A general answer of failure of consideration is bad.

In a suit upon a promissory note, an answer that certain articles forming a part of the consideration of the note, were injured, broken, and of no value, is bad, without an allegation of fraud or warranty.

And if the answer aver that certain articles, part of the consideration, were never received, or are lost and wanting, it must also be alleged that the failure to receive the articles, or their loss, was through the fault of the plaintiff.

A defense purporting to go to the whole complaint, but answering only a part of it, is bad.

Where a paragraph of an answer does not purport to plead a set-off, and the facts pleaded do not show a liability of the plaintiff to the defendant, it cannot be treated as a set-off.

APPEAL from the *Cass* Circuit Court.

WORDEN, J.—Action by the appellees against the appellant, on a note made by the appellant to one *Michael Haran*, and by him indorsed to the plaintiffs.

The defendant answered—

1. "That the consideration of the note was the purchase from the said *Haran* of certain tinware, copperware,

stoves, castings, tin, copper, tools, finishing hammers, hard-ware, &c.; and avers that said property was broken, injured, and defective (to-wit, fifty stoves, one hundred pieces of casting), and had no value; and one set of finishing ham-mers, worth fifteen dollars, never received; which defects were fraudulently concealed by the said *Haran*."

4. "The consideration has wholly failed."

6. "As to two hundred and thirty-seven dollars of said note, he says that said note was given as alleged in the first paragraph, and that the following property so enter-ing into the consideration of said note, was injured and broken, and of no value, to-wit:

| | |
|---|---:|
| 6 stoves, at 11 dollars each | $66 00 |
| 3 stoves, *Buck's* patent | 15 00 |
| 9 stoves, at 12 dollars each | 108 00 |
| 1 victory stove | 13 00 |
| 1 set finishing tools (never received) | 15 00 |
| Pieces casting, lost and wanting | 20 00 |
| | $237 00 |

Which said goods entered into the consideration of said note at the above prices."

Demurrers were sustained to the fourth and sixth para-graphs of the answer, and exceptions taken. The other paragraphs of the answer were withdrawn, and judgment was entered for the plaintiff.

The assigned errors are, in sustaining the demurrers, and trying the cause without an issue.

The fourth paragraph of the answer was clearly bad, and the demurrer correctly sustained. "A general plea of failure of consideration is bad." *Applegate* v. *Crawford*, 2 Ind. R. 579.

We are of opinion that the sixth paragraph is also bad. Neither fraud nor any warranty is alleged in reference to the goods claimed to have been defective, nor is anything averred to show that the purchase was made under such circumstances as would authorize the defense attempted to be set up. It is claimed by counsel for appellant that the sixth paragraph refers sufficiently to the first to make

the allegation therein, that the "defects were fraudulently concealed by the said *Haran*," a part of the sixth paragraph. We do not so regard the paragraph. It refers to the first paragraph only for the purpose of showing for what consideration the note was given, and does not, even by reference, embrace anything more of that paragraph. So far as the nineteen stoves, mentioned in the paragraph under consideration, are concerned, the paragraph is bad for the reason above indicated. In reference to the tools "never received," and the pieces of casting "lost and wanting," it may be remarked that there is nothing in the paragraph to show that they were not received, or were lost and wanting, through any fault of *Haran*. For aught that appears, it may have been the fault of the carriers by whom the goods were transported.

But if the paragraph should be deemed good, so far as the "tools" and "pieces of casting" are concerned, still it would be defective. These tools and castings only amount to 35 dollars, and if the paragraph be deemed good as to this sum, it will still be bad because it does not answer all it purports to answer, viz., 237 dollars. A plea, to·be good, must answer all that it assumes in the introductory part to answer. *Conwell* v. *Finnell*, 11 Ind. R. 527. Here, matter good, to say the most of it, as to only 35 dollars, is pleaded in bar of 237 dollars.

It is claimed that the paragraph is good as an answer of set-off. It does not purport to be pleaded by way of set-off; but passing by the form of it in this respect, we think it defective in substance, viewed as a set-off. The facts averred do not show any liability from *Haran* to the defendant, and the foregoing observations are applicable to the paragraph treated as a set-off.

In reference to the error assigned, that there was a trial without an issue, it may be observed that it does not appear to be well assigned in point of fact. After the withdrawal of the other paragraphs of the answer, and the decision of the Court upon the demurrers, the defendant expressing his intention to abide by.the demurrers, the record proceeds as follows: "And this cause is now sub-

mitted, by the agreement of the parties, to the Court, for decision, the intervention of a jury being waived, and the Court, after hearing the proofs of the parties, do say and find for the plaintiff the sum of 2,239 dollars, 95 cents. It is, therefore, considered," &c.   It appears by a bill of exceptions, that the only evidence offered was the note declared upon.   This entry may not be in the strict technical form of a judgment on demurrer, and the assessment of damages by the Court; but we regard it as substantially so. Where damages are to be assessed, in actions founded on contract, after the decision of an issue at law, the Court, a commissioner, or a jury, may make the assessment.   2 R. S. p. 121, § 367.   We regard the record, under the circumstances, as showing, not a trial, but a decision of the Court, by the agreement of the parties, as to the plaintiffs' damages, for which purpose the note was submitted to the Court.

There is no error in the record, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

*H. P. Biddle*, for the appellant.

*D. D. Pratt*, for the appellees.