Nov. Term,
1861.

Tyler
v.
Borland.

Saturday,
December 7.

### Hope v. Collins.

APPEAL from the *Wayne* Common Pleas.

---

### Tyler v. Borland.

*An answer professing to set up a total. and showing, at most, only a partial failure of consideration, is bad.*

Saturday,
December 7.

APPEAL from the *Warren* Common Pleas.

Worden, J.—Action by *Borland* against *Tyler* upon two promissory notes executed by the latter to the former. Judgment for the plaintiff. The only question arising upon the record, relates to the sufficiency of the third paragraph of the defendant's answer, to which a demurrer was sustained. A demurrer was sustained to the first and third paragraphs, but no exception was taken to this ruling. The third paragraph was then amended, and to it, as amended, a demurrer was sustained, to which exception was taken.

The third paragraph, as amended, sets up a failure of the consideration of the notes, in this: that *Huldah Bor'and,* the wife of the plaintiff, had title by deed and devise from her father, to certain lands described therein, situate in said *Warren* county. That said *Huldah* was entitled by descent

to one undivided eighth of the lands of which her father, *Parker Tyler*, died seized. That at the time of the execution of the notes sued on, said *Huldah* represented to the defendant that *Parker Tyler*, who was the father also of the defendant, was indebted to her in the sum, originally, of four hundred dollars, which had been on interest for forty years, and which amounted to eight hundred · dollars; that the notes sued on were executed for the conveyance of the land mentioned, and for the satisfaction of the claim aforesaid, which said *Huldah* represented that she held against their father, *Parker Tyler*, and for no other consideration, as would more fully appear by an agreement in writing between the parties, a copy of which was filed. That said plaintiff and wife have not made, nor offered to make, a deed of the lands mentioned to the defendant; and that the claim which said *Huldah* represented that she held against *Parker Tyler* and his estate had been fully settled by *Parker Tyler*, in his lifetime, and that the representations of said *Huldah* were false and fraudulent, in this: that on *June* 12, 1852, said *Huldah*, *Parker Tyler*, and the plaintiff, had a settlement of all the claims and accounts between said *Parker* and said *Huldah*, and there was found to be due to *Huldah* fifty dollars, for which *Parker* executed to her husband his note, payable one day after date; that *Parker Tyler* died after the giving of said note, and the defendant administered on his estate; that said *Huldah* filed the note against the estate, and that the defendant, as such administrator, on *October* 10, 1853, paid the same to her. Wherefore, &c.

The agreement between the parties, referred to in the answer, is as follows, viz:

"Memorandum of an agreement made and concluded by and between *Matthew Borland* and *Huldah Borland*, of the county of *Medina* and State of *Ohio*, of the one part, and *William H. Tyler*, of the county of *Warren* and State of *Indiana*, of the other part: Whereas, *Parker Tyler*, the father of said *Huldah Borland*, on *April* 6, in the year 1852, made and executed to the said *Huldah Borland* two deeds of conveyance, whereby he conveyed, or intended to convey,

to the said *Huldah Borland* the following described lands, situated in *Warren* county, *Indiana*, viz., (here follows a description of the land.) And whereas, also, the said *Parker Tyler* did, on *July* 1, 1851, make his last will and testament, at the county of *Medina*, and State of *Ohio*, in which said last will and testament, he devised to the said *Huldah Borland* the said land; which said will and testament was signed, sealed, published and declared as such, in the presence of *S. H. Heath* and *Simon Elliott*, witnesses; and whereas the said *Parker Tyler* was indebted to the said *Huldah Borland* in the sum of four hundred dollars, received from *Oliver Taft*, the uncle of the said *Huldah*, for her use, more than forty years ago, and the interest thereon; and whereas the said parties being desirous of settling all the claims of said *Huldah Borland* in a friendly and brotherly manner, it is agreed as follows: The said *Huldah Borland* delivers over to the said *William H. Ty'er* the said deeds, which now remain unrecorded in the recorder's office of *Warren* county, *Indiana*, to be canceled; and the said *Huldah Borland* delivers to the said *William H. Tyler* the said last will and testament; and the said *Matthew Borland* and *Huldah Borland* release to the said *William H. Tyler* all claims of the said *Huldah Borland* upon the estate of *Parker Tyler*, whether as heir at law, or otherwise, in consideration that the said *William H. Tyler* has this day executed to the said *Matthew Borland* his two several promissory notes for the sum of four hundred dollars each, with interest from date, with *Anna L. Tyler* as surety, one payable on *September* 1, 1854, and the other on *July* 1, 1855. In testimony whereof the said parties have hereunto set their hands and seals, this 10th day of *October*, A. D., 1853.

"WILLIAM H. TYLER,    [SEAL.]
"HULDAH BORLAND,    [SEAL.]
For herself and MATTHEW BORLAND, authorized
thereto by the said MATTHEW."
"Signed, sealed and delivered in presence of
JAMES R. M. BRYANT,
GEO. W. CLARKE."

We are of opinion that the demurrer was properly sustained. The consideration of the notes sued upon is not quite correctly stated in the paragraph. The consideration, as appears by the contract, was the surrendering up to the defendant of the deeds to be canceled, and the will, and the release of all claims of said *Huldah* upon the estate. There is nothing whatever in the contract to bind either *Borland*, or his wife, to make any deed whatever for the premises.

So far as the alleged false representations concerning the claim of *Huldah* against the estate of *Parker Tyler* are concerned, we may make the following observations. The fifty dollar note, given by *Parker Tyler* to *Huldah*, would probably, taken by itself, be *prima facie* evidence of a settlement of all accounts or claims in her favor against said *Parker*. This note was paid off by the defendant, as appears by a receipt made a part of the pleading, on the same day of the execution of the notes sued upon, and the contract between the parties.

Now it would seem that the defendant should, under such circumstances, be estopped by his contract to deny the indebtedness of *Parker Tyler* to *Huldah*, it being therein explicitly admitted. But however this may be, there is another ground on which the paragraph is clearly defective. We have seen that by the contract, *Borland* and wife did not bind themselves to make any conveyance of the land. The only ground of defense, if any, is in relation to the claim of the four hundred dollars and interest. This, however, only goes to part of the consideration of the notes, what part, is wholly uncertain. The surrender of the deeds and will, and the releasing of all claims against the estate as an heir, constituted the consideration, as well as the four hundred dollar claim. The paragraph, professing to set up a total, and showing, at most, only a partial failure of consideration, was bad. *Street* v. *Mullin et al.*, 5 Blackf. 563.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*J. H. Brown* and *J. Park*, for the appellant.

*Gregory* and *Harper*, for the appellee.