## Summers and Others v. Vaughan and Another.

PLEADING.—*Answer.*—A paragraph of an answer pleaded to the whole cause of action, but answering only a part of it, is bad on demurrer.

WARRANTY.—If a sale of property is complete and perfect, by the terms of a written contract of sale, a subsequent warranty is void, unless some new consideration be given to support it.

EVIDENCE.—Where evidence is offered as a whole, and a part of it is not embraced in the pleadings and issues, it is not error to reject it.

APPEAL from the Henry Common Pleas.

WORDEN, J.—This was an action by the appellees against the appellants on promissory notes executed by the defendants to Bayless Vaughan & Co., and indorsed by the payees in blank to the plaintiffs.

Issue, trial, verdict, and judgment, for the plaintiffs, a motion for a new trial having been made by the defendants and overruled.

The second paragraph of the defendants' answer was as follows:

"And for a further answer, they say that the notes described in said complaint were given in part consideration for a portable saw mill, engine and boilers, with machinery thereto attached, which were purchased by the defendants of and from the plaintiffs' assignors, Bayless Vaughan & Co., and for no other or different consideration whatever; and that upon the sale thereof they, the said vendors, warranted the same to be in all respects perfect and complete, manufactured of good material and well put together, but the defendants in fact say that said machinery was not perfect, nor was the same well

put together; but, on the contrary thereof, the crown shield blew off, the boiler bursted, and said machinery was otherwise imperfect and deficient, and in consequence thereof, for the purpose of repairing the same, the defendants actually laid out and expended a large sum of money, to wit, the sum of five hundred dollars, in and about the repairing thereof, of which the said Bayless Vaughan & Co. had notice; and the defendants say that in consequence thereof said mill was stopped and could not be run for one hundred days, and if the same had been perfect as represented, and in good running order, they could have made a large sum of money, to wit, the sum of five hundred dollars; wherefore," &c.

To this paragraph of the answer a demurrer, assigning for cause that the same did not state facts sufficient, &c., was sustained, and exception taken.

This ruling constitutes one of the errors assigned.

The notes sued upon amounted to two thousand dollars, and the plaintiffs demanded judgment for that sum. The answer in question was defective, and the demurrer to it was correctly sustained, for the reason that it is pleaded in bar of the whole action, whereas at most it sets up facts that bar only one thousand dollars, viz.: five hundred for the expense of repairs, and five hundred for loss of time. That such an answer is bad, was decided in the following cases in this court. *Rose* v. *The North River Bank*, 11 Ind. 268; *Conwell* v. *Finnell, id.* 527; *Smith* v. *Baxter*, 13 Ind. 151; *Pratt* v. *Wallbridge*, 16 Ind. 147; *Webb* v. *Deitch*, 17 Ind. 521; *McDougle* v. *Gates*, 21 Ind. 65; *Louis' Adm'r* v. *Arford, id.* 235; *Richardson* v. *Hickman*, 22 Ind. 244. These decisions show conclusively that the demurrer was properly sustained.

The remaining question in the case is raised by an assignment of error on the refusal of the court to grant a new trial.

The ground on which a new trial was asked was that the court excluded certain evidence offered by the defendants.

It appears by a bill of exceptions that the contract for the

sale of the saw mill, &c., which was the consideration for the notes in suit, was in writing.

On the trial, the defendants offered to prove that after the execution of the written contract, but before the delivery of the mill, &c., and before the execution of the notes, the vendors warranted the machinery to be manufactured of good materials, and skilfully put together, and to be in all respects a first rate saw mill. This evidence was rejected.

We cannot say that the ruling was erroneous. It is assumed in the bill of exceptions and in the brief of counsel for the appellant that the sale of the mill and machinery was perfect and complete by the terms of the written contract. No written contract is set out in the bill of exceptions, nor in any manner identified, nor is the evidence in the record. The counsel for the appellants say in their brief, "It is not pretended that there was any warranty in that writing, but the appellants were attempting to prove another and different contract made some time subsequent," &c. Now, assuming, as is done in the bill of exceptions and brief of the counsel for the appellants, that by the terms of the written contract the sale of the mill and machinery was complete and perfect, a subsequent warranty is void, unless some new consideration be given to support it. "The consideration *already* given is exhausted by the transfer of the property in the goods without a warranty, and there is nothing to support the subsequent agreement to warrant, unless a new consideration be given." Benj. on Sales, 453; *Roscorla* v. *Thomas*, 3 A. & E. 234.

There is still another reason why the evidence was properly rejected. There was but one paragraph of the answer (the fourth) to which the evidence was at all applicable. That paragraph set up a warranty much less extensive in its terms than the one offered in evidence. It is alleged that "the vendors warranted the same to be perfect and complete, manufactured of good material, and skilfully put together." The warranty as offered in evidence embraced an important proposition not alleged in the answer, viz.: that

the mill was to be, in all respects, a first rate saw mill. The warranty offered in evidence was offered as a whole, and as a whole not being embraced in the pleading, there could be no error in rejecting it. Leave might have been given, in a proper case, to amend the pleading, but none was asked.

The judgment below is affirmed, with costs.

*M. L. Bundy* and *E. H. Bundy*, for appellants.

*J. H. Mellett* and *M. E. Forkner*, for appellees.