Filed Sept. 19, 1890.

---

No. 14,466.

## COPELAND v. KOONTZ, ADMINISTRATOR.

WITNESS.—*Decedents' Estates.*—*Conversation Between Party and Deceased.*—*Inadmissibility of.*—In an action by an administrator for the recovery of money had and received, it was proper for the court, under section 500, R. S. 1881, to refuse to permit the defendant to testify to the conversations he had with the deceased at the time he received the money in dispute.

Copeland v. Koontz, Administrator.

SAME.— *Decedents' Estates.— Action for Money Had and Received.— Defendant's Claim.—Admissibility of Deed to Refute.*—Where the defendant in such action admitted the receipt of the money from the deceased, but averred that the same was a gift except such sum as might be necessary to pay the decedent's funeral expenses, it was competent to read in evidence, as tending to refute the defendant's said claim, a deed from the decedent and her husband to the husband's children, which secured by reservation a support for the grantors during the term of the natural life of each, and at their death a decent burial.

INSTRUCTIONS TO JURY.—*Refusal to Give.—Party Uninjured Thereby can not Complain.*—When it affirmatively appears by the record that a party was not injured by the refusal of the court to give a certain instruction which it was requested to give, he can not be heard to complain of such refusal.

From the Henry Circuit Court.

*J. M. Morris,* for appellant.

COFFEY, J.—This was an action by the appellee, as administrator of the estate of Sarah Copeland, against the appellant, to recover for money had and received.

The appellant answered in two paragraphs. The first paragraph of said answer admits the receipt of the sum of one hundred and seventy-one dollars and thirty-five cents from the deceased, but avers that the same was a gift, except such sum as might be necessary to pay her funeral expenses; that he paid the funeral expenses of the deceased, amounting to twenty-eight dollars, and had entered into a contract for a monument at the price of forty dollars. The answer prays, in the event he should be held liable for the amount received by him from the deceased, that he have credit for said sums.

The second paragraph of the answer was a general denial.

A trial of the cause by jury resulted in a verdict for the appellee for the sum of one hundred and three dollars and thirty-five cents, upon which the court, over a motion for a new trial, rendered judgment.

The appellant assigns as error the action of the circuit court in overruling his motion for a new trial.

Copeland *v.* Koontz, Administrator.

We are not favored with a brief by the appellee.

It appears from the record that certain witnesses testified on behalf of the appellee as to conversations had with the appellant in relation to the money for the recovery of which this action was prosecuted.

The court permitted the appellant to testify in relation to these conversations, but refused to permit him to testify to conversations had with the deceased at the time the money was delivered to him. This ruling of the court was assigned as a reason for a new trial.

It is contended by the appellant that under the provisions of section 500, R. S. 1881, he should have been permitted to testify to the conversation had with the deceased at the time he received the money in dispute.

Section 500, *supra*, provides that " When in any case an agent of a decedent shall testify on behalf of an executor, administrator, or heirs, concerning any transaction, as having been had by him, as such agent, with a party to the suit, his assignor or grantor, and in the absence of the decedent; or if any witness shall, on behalf of the executor, administrator, or heirs, testify to any conversation or admission of a party to the suit, his assignor or grantor, as having been had or made in the absence of the deceased ; then the party against whom such evidence is adduced, his assignor or grantor, shall be competent to testify concerning the same matter."

It is claimed by the appellant that a proper interpretation of this statute will authorize a party against whom a witness has testified as to conversations or admissions, to state all the facts in relation to the subject-matter of the conversation, and that he should not be confined to giving his version of the conversation.

We can not give our consent to the construction sought to be placed upon this statute. All statutes upon the subject, prior to the enactment of the one now under consideration, prohibited a party from testifying where the person with whom the transaction was had was not living. As the

mouth of one party was closed by death the law closed the mouth of the other. When, however, a witness testified to a conversation with the living party, or to an admission made in the absence of the deceased, and about which he knew nothing, and could not testify if living as to such conversation or admission, no good reason could be given for closing the mouth of the living party. Hence the statute under consideration, by its letter as well as by its spirit, limits the living party, in his testimony, to the conversation or admission about which the witness called against him may testify. In our opinion the court did not err in refusing to permit the appellant to testify to conversations had with the deceased at the time he received the money in dispute.

On the trial of the cause the appellee was permitted to read in evidence, over the objection of the appellant, a deed of conveyance executed by John Copeland and Sarah Copeland to the appellant and the other children of John Copeland, of certain real estate in Henry county, Indiana. It is claimed by the appellant that this evidence was immaterial, and tended to mislead the jury. John Copeland was the father of the appellant, and Sarah Copeland, in favor of whose estate this suit was prosecuted, was his step-mother. The deed in question secured, by reservation, a support for John and Sarah Copeland during the term of the natural life of each, and at their death a decent burial. The deed was doubtless introduced as tending to refute the claim of the appellant that the money in controversy was given to him by Sarah Copeland to secure a decent burial for herself. We think it was competent for that purpose.

Finally, it is claimed by the appellant that the court erred in giving to the jury instruction numbered *five.*

The objection urged to this instruction is that it excluded from the jury any consideration of the items paid out by the appellant for funeral expenses and for a monument.

We have not considered the question as to whether this

instruction was erroneous or otherwise, for the reason that it affirmatively appears by the record that the appellant was not harmed thereby.

It affirmatively appears on the face of the verdict in this cause that the jury allowed the appellant all he claimed on account of money paid out for funeral expenses, and in addition thereto forty dollars for a monument. In this state of the record he can not be heard to complain that the court, by its instructions, excluded from the jury a consideration of these items.

There is no error in the record.

Judgment affirmed.

Filed Sept. 20, 1890.