Gavin, J.
The appellee filed a claim upon two notes executed by appellant’s decedent and recovered thereon. Upon the trial the appellant proved, by one Lawley, certain statements made by appellee to him in the presence of the deceased and at the time of her acquiring an interest in the deceased’s business by virtue of a contract then executed. The appellee, in rebuttal, was placed upon the stand and permitted to testify to a conversation with the witness about the same subject-matter, but of an entirely different purport and wholly inconsistent with that recounted by him, which, she says, occurred immediately after the business transaction above referred to, and *605 after the decedent had gone away and was no longer present.
The correctness of this ruling is properly presented for our consideration. Davee v. State ex rel., 7 Ind. App. 71; Gish v. Gish, 7 Ind. App. 104.
Section 506, R. S. 1894, being section 498, R. S. 1881, if standing alone, clearly disqualifies the claimant in such suits against estates from testifying as to matters occurring during the lifetime of the deceased; but section 508, R. S. 1894, section 500, R. S. 1881, contains this provision: “Or if any witness shall, on behalf of the executor, administrator, or heirs, testify to any conversation or admission of a party to the suit, his assignor ■or grantor, as having been had or made in the absence of the deceased; then the party against whom such evidence is adduced, his assignor or grantor, shall be competent to testify concerning the same matter.” Upon this latter section counsel rely to sustain the position of the trial court, which allowed the evidence to go to the jury, with an instruction to disregard it unless they found that the conversation occurred in the absence of the decedent.
Counsel urge that unless the claimant be heard upon this question, a dishonest witness may, by locating the conversation in the presence of the decedent, wrongfully close the mouth of the claimant. On the other hand it is urged with about equal force that if the claimant is permitted to speak, a dishonest one may locate the conversation in the absence of the decedent, and thus wrongfully obtain the benefit of his own testimony. That there is opportunity for the consummation of a wrong under either rule, is plain. The legislature, however, has, as it seems to us, cleared the way for the courts and prescribed the circumstances upon which the claimant’s right to testify depends, and that is when the wit *606 ness testifies to a conversation “as having been had in the absence of the deceased.” The statute makes the evidence of the witness conclusive as to the presence of the deceased. In the case in hand, the witness testifies that the deceased was present. It seems to us that the language of the statute is plain and unambiguous, and should be followed.
Filed Jan. 15, 1895.
There are several cases in which this provision of the statute has been considered. Cooper v. Cooper, 86 Ind. 75; Martin v. Martin, 118 Ind. 227; Copeland v. Koontz, Admr., 125 Ind. 126; Nelson, Admr., v. Masterton, 2 Ind. App. 524.
In none of these cases, however, nor in any other te which our attention has been called, has the right of the claimant to dispute the statement of the witness concerning the presence of the decedent been presented or determined.
As we have held, the letter of the law is against the claimant, and it has not been the policy of the courts to open by construction the doors against estates, but rather the contrary. Hudson v. Houser, Admr., 123 Ind. 309: Larch v. Goodacre, 126 Ind. 224.
In our judgment, the trial court erred in permitting appellee to testify.
Judgment reversed with instructions to sustain the motion for new trial.