## GUTHIEL, ADMINISTRATRIX, v. DOW.

[No. 22,087. Filed February 14, 1912.]

1. APPEAL.—*Assignment of Error.—Name of Appellant.—"Jr." Omitted.*—The addition of "junior" or "senior" to a name is mere matter of description, and an appeal will not be dismissed for the reason that in the assignment of errors the name of appellant is not followed by "Jr." p. 151.

2. APPEAL.—*Presenting Grounds for Review.—Reservation of Exceptions.—Ruling on Demurrer.*—Where no exception was reserved to the overruling of a demurrer to an answer, the ruling cannot be reviewed on appeal. p. 151.

3. APPEAL.—*Transcript.—Form.—Certificate.*—A clerk's certificate to a transcript containing the bill of exceptions should not precede, nor form a part of, the bill of exceptions, but should be at

the conclusion of the transcript and authenticate all matters in the record.   p. 152.

4.   APPEAL.—*Transcript.*—*Form.*—*Certificate Inadvertently Transposed.*—Where the certificate of the clerk to a transcript precedes the judge's certificate at the close of the bill of exceptions, and the transcript reveals physical evidence of the fact that the certificates were inadvertantly transposed, the transcript will be considered as though the transposition had not occurred.   p. 152.

5.   WITNESSES.—*Competency.*—*Transaction with Decedent.*—In an action by an administratrix to recover on an indemnifying bond executed to her decedent, in which plaintiff called the attorney of decedent to testify, and the identification of the attorney at a bank and his cashing of a check for decedent were the only matters gone into by his testimony, it was error to admit in evidence the deposition of defendant's agent as to other transactions by said attorney for the decedent with defendant and his agent, since the defendant and his agent could only "testify as to the same matter" under §523 Burns 1908, §500 R. S. 1881.   p. 157.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Marilla B. Guthiel, as administratrix of the estate of Charles Guthiel, Jr., deceased, against John J. Dow.   From a judgment for defendant, the plaintiff appeals.   (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Reversed.*

*J. W. Macy, A. L. Bales* and *A. L. Nichols,* for appellant.
*Roscoe C. Griffith, John O. Spahr,* and *James A. Ross,* for appellee.

MORRIS, C. J.—Suit by appellant against appellee on an indemnifying bond.   Answer in five paragraphs, to each of which, except the first, appellant filed a demurrer for want of facts, which was overruled.   Reply of general denial. Trial by court, finding and judgment for appellee.   Appellant's motion for a new trial was overruled.   The errors assigned are the overruling of the demurrer to the several paragraphs of answer, and the overruling of the motion for a new trial.

Appellee contends the appeal should be dismissed, because, as claimed, appellant named in the assignment of

errors is not the person against whom the judgment
1. was rendered. This contention is based on the fact
that suit was brought in the court below by Marilla B.
Guthiel, as administratrix of the estate of Charles Guthiel,
Jr., deceased, and judgment was rendered against her under
the above name, but in the assignment of errors "Jr." is
omitted from the name of decedent.

There is no merit in this contention. The addition of
"Junior" or "Senior" to a name is a mere matter of de-
scription, and forms no part of the name. *Allen* v. *State*
(1876), 52 Ind. 486; *Geraghty* v. *State* (1887), 110 Ind. 103,
11 N. E. 1; *State* v. *Simpson* (1906), 166 Ind. 211, 76 N. E.
544, 1005; *Houpt* v. *Dutton* (1908), 170 Ind. 69, 83 N. E.
634.

Appellant reserved no exception to the action of the lower
court in overruling her demurrer to the several paragraphs
of answer. In the absence of such exception, the
2. ruling of the lower court cannot be reviewed here.
*Wright* v. *Ball* (1889), 120 Ind. 134, 22 N. E. 109.

One of the reasons assigned for a new trial was the insuf-
ficiency of the evidence to support the decision of the trial
court.

Appellee claims the evidence is not in the record. This
claim is based on the following facts: Between the close of
the original bill of exceptions proper, containing the evi-
dence, and the judges certificate thereto, is the clerk's cer-
tificate, the latter constituting the matter on page 177 of the
transcript, and the judges certificate and signature consti-
tuting the matter on page 178—the last page thereof. It
appears by the copy of the order-book entries in the trans-
cript, that the original bill of exceptions containing the evi-
dence was, within the time fixed by the court, presented to
the judge, signed, filed and ordered made a part of the
record, on August 12, 1909, that being the 112th judicial
day of the April term, 1909, of the Delaware Circuit Court.

The clerk's certificate should not precede, nor form a part

of, the bill of exceptions, but should be at the conclusion of the transcript, and authenticate the bill of exceptions, as well as all other matters in the record. Ewbank's Manual §117; *Winstandley* v. *Breyfogle* (1897), 148 Ind. 618, 48 N. E. 224; *Johnson* v. *Johnson* (1901), 156 Ind. 592, 60 N. E. 451; *Butt* v. *Lake Shore, etc., R. Co.* (1902), 159 Ind. 490, 65 N. E. 529.

Appellee's counsel, without waiving their contention, have, nevertheless, in their brief, discussed, on their merits, the propositions relied on by appellant regarding the sufficiency of the evidence.

An examination of the transcript reveals physical evidence of the fact that the defect was caused by the inadvertent transposition of the certificates of the judge and the clerk, and, in view of this fact, the court will consider the transcript as if the pages had not been transposed. So considered, the evidence is properly in the record.

The complaint alleges that on May 27, 1903, appellant's decedent executed to appellee an instrument in writing, a copy of which is set out in the complaint, and, by the terms of which, decedent sold and assigned to appellee a number of gas and oil leases on lands in Randolph county. The names of the owners of the leased lands, and a description thereof, and the respective pages of the records where the leases were recorded, are set out in the written instrument. The latter recites that the leases were assigned "for value received," but does not state the amount of consideration.

The complaint further alleges that at the time said writing was executed by decedent, and as a part of the consideration thereof, appellee executed to decedent the indemnifying bond sued on.

This bond recited that decedent had "this day" sold and assigned to appellee for a valuable consideration, a lot of oil and gas territory leases on land in Randolph county. These leases are described in the same manner as in the written assignment executed by decedent. It is then recited in the

bond that, in consideration of the sale and transfer of the leases, and as a part of the consideration for said sale and transfer, appellee assumes and agrees to pay "all acreage and rentals, gas rentals, or other liabilities accruing by reason of the violation of any of the terms and conditions of said leases as the same severally accrue and become due," and save appellee harmless from any liability to any owner of land leased. Another clause in the bond stipulates that in case appellee shall sell or assign the leases, he shall save decedent harmless from any liability as before set out, the same as if appellee had retained the same. This bond was signed by both decedent and appellee, and bears date of May 28, 1903.

The complaint alleges that appellee, after the execution of said writings, failed to pay certain rentals when due, as provided in certain of the leases; that thereafter decedent died, and subsequently several of the landowners filed claims against the estate of decedent for such rentals; that the claims were disallowed by appellant, and were transferred to the issue docket of the Randolph Circuit Court for trial; that thereupon appellant notified appellee in writing of the pendency of the claims, and notified him to appear and defend against the claims; that as a result of the trials of the claims, judgments were rendered against appellant in the aggregate sum of $1,341, for which amount appellant demands judgment on her complaint in this action.

Appellee filed a paragraph of answer, alleging that the bond sued on was executed without any consideration. The theory of his defense was that on May 27, 1903, decedent assigned the leases to him, in consideration of $1,000, which was then paid by appellee, and the transaction closed; that the bond in suit was executed by appellee on the following day, without any new, or other consideration, and was not executed pursuant to any previous agreement to that effect, made in the transaction of the day before; that the two contracts were separate and independent transactions. Evidence

was given to support this theory, and it is not controverted that if the transactions were independent, and there was no new consideration for the execution of the bond in suit, there can be no recovery. *Summers* v. *Vaughn* (1871), 35 Ind. 323, 9 Am. Rep. 741.

An attorney of Winchester testified for plaintiff, that in May, 1903, he was attorney for decedent, and prepared the bond in suit, and it and the writing assigning the leases were delivered at the same time; that appellee delivered to appellant's decedent the bond and a check for $1,000, and decedent delivered to appellee, at the same time, the deed assigning the leases; that on the following day he took the check from Winchester to Muncie, and cashed it for decedent at a Muncie bank; that at the bank door he met appellee, and requested him to identify witness, which was done.

On cross-examination, he said it was not a fact that when he brought the check to Muncie to get it cashed, he brought the bond and gave it to Mr. Dow; that he did not give it to Harry Mount; that he did not see Mount, and did not see Dow except at the bank where the check was cashed, and then for not over half a minute; that the bond in suit was not signed at Kirby House, in Muncie, by Dow.

The witness testified that he could, if desired, explain the discrepancy in the dates of the two contracts, but neither party questioned him on the matter.

Over appellant's objection, the court required appellee to testify. He testified that decedent delivered to him, at Winchester, the written assignment of leases, and at the same time he paid to decedent the consideration therefor by a check for $1,000. Nothing was said about an indemnifying bond. He first saw the bond at Muncie, a day or two later, when decedent's attorney brought it to him at the Kirby House, a hotel operated by witness at Muncie. The attorney requested witness to sign the bond. At first appellee refused, but on the suggestion of Harry Mount, who was present at the hotel, that it was customary among oil men to execute

such bonds, he finally signed it.  He then went with Ward to the bank, and identified him, so he could cash the check for decedent, given a day or two before at Winchester. Decedent was not present at the Muncie transaction.  Mount owned an interest in the gas leases, as soon as they were assigned by decedent, and thereafter Mount was acting for himself and as agent for appellee.

Appellant most earnestly contends that the court abused its discretion, under §526 Burns 1908, Acts 1883 p. 102, in requiring appellee, an otherwise incompetent witness, to testify, especially where, as here, the testimony squarely contradicted the recitals of the bond in suit.  In support of this contention, our attention is particularly called to the case of *Jonas* v. *Hirshberg* (1907), 40 Ind. App. 88, 79 N. E. 1058, where that court held the lower court abused its discretion in requiring a party to testify.

We do not deem it necessary to pass on this question, because the judgment must be reversed for other reasons, and on another trial this question may not arise.  It is possible the court might not have required appellee to testify at the trial below, had there been a satisfactory explanation of the discrepancy in the dates of the two contracts.

After appellee was examined, he offered in evidence the deposition of Harry Mount.  Appellant objected to the deposition, for the reason that Mount was an incompetent witness, because he was appellee's agent.  The court temporarily overruled the objection, stating that if, after investigation, the court concluded the witness was incompetent, the deposition would be stricken out.

After investigation, at a subsequent day, the court overruled appellant's motion to strike out the deposition of Mount, and stated its decision as follows:  "I think the motion to strike out the deposition as a whole of Harry C. Mount should be overruled, because the plaintiff opened up the subject by introducing ————, as to what transaction there was over here in reference to the check that was passed

on the day subsequent, and for the further reason that I think ———— was an agent for the plaintiff, and the statute does not exclude the conversations by the agent of the deceased, but expressly permits them to be gone into. In so far as Mr. Mount's testimony goes to that particular question and subject that was opened up, that is proper, I think. To which ruling of the court the plaintiff at the time excepted.'' Appellant made a motion to strike out question six, and the answer thereto, on the cross-examination of said deponent, which were as follows: "Q. What were the circumstances under which they were delivered? A. The day that the leases were transferred, there was no paper signed and delivered, except the transfer of the leases. Several days after that, Dow called me into his office in Muncie, and read me the bond that he was to give Guthiel, that contract, and asked me what I thought of it, and I told him I thought it was all right, and he signed it. It is my recollection that Mr. ————, an attorney at Winchester, came over with that contract on the date that Dow showed it to me; but I know that the contract was not signed until some time after the leases were delivered.'' This motion the court overruled. Without setting out the original examination, most of which was stricken out, it is sufficient to say that question six and the answer thereto on cross-examination were within the field of the original examination and pertinent thereto.

The attorney of decedent did not testify to any fact which occurred outside the presence of decedent, except the identification at the Muncie bank, and about that there was no controversy. On cross-examination he denied seeing Mount at all, and denied the Kirby House transaction, relating to the signing of the bond sued on there, testified to by appellee and by Mount in answer to question six on cross-examination.

The court erred in refusing to strike out question six on cross-examination, and the answer thereto. Mount, at that

time, was appellee's agent, and was no more competent to testify than was appellee, §§523, 521 Burns 1908, §§500, 498 R. S. 1881.

Assuming, without deciding, that the attorney was decedent's agent for purposes other than cashing the check, still the entire deposition of Mount should have been rejected, because he was a competent witness only as to the attorney's testimony about appellee's identification of him at the Muncie bank, and the cashing of the check, and on those subjects he was not examined in the deposition. §523 Burns 1908, §500 R. S. 1881; *Kenney* v. *Phillipy* (1883), 91 Ind. 511.

It appears to have been the theory of the trial court, that because appellant proved by decedent's attorney the cashing of the check at the bank, and appellee's identification of the attorney at the bank, she thereby made competent, evidence of a transaction, at the Kirby House between the attorney and appellee and Mount. This is an erroneous theory. The only matters opened up by the attorney's testimony were the cashing of the check and identification. In the language of the statute, appellee, and his agent Mount, could only "testify concerning the same matter." §523 Burns 1908, §500 R. S. 1881. See, also, *Copeland* v. *Koontz* (1890), 125 Ind. 126, 25 N. E. 174; *Kibler* v. *Potter* (1895), 11 Ind. App. 604, 39 N. E. 525; *Martin* v. *Martin* (1889), 118 Ind. 227, 20 N. E. 763; *Insurance Co. of North America* v. *Brim* (1887), 111 Ind. 281, 12 N. E. 315.

For the error in admitting in evidence portions of the deposition of Harry Mount, the judgment of the lower court is reversed, with instructions to sustain appellant's motion for a new trial.

Monks, J., did not participate.

Note.—Reported in 97 N. E. 426. See, also, under (1) 2 Cyc. 985; 29 Cyc. 267; (2) 2 Cyc. 717; (3) 3 Cyc. 108; (4) 3 Cyc. 109; (5) 40 Cyc. 2313.