*May Term,*
*1827.*

HARVEY
v.
CRAWFORD.

---

## HARVEY *v.* CRAWFORD and Others.

The payee of a note, who has sued the makers, cannot demur to a bill in chancery filed by the latter, because it charges the note to be usurious and prays a discovery, if the complainants have brought the principal and legal interest into Court.

If a new contract be made respecting money previously lent and a new security be given, the interest should be calculated up to the time of the new contract and added to the principal; but this calculation is not to be made at every agreement for forbearance of payment, where no change is made in the securities.

Whenever a sufficient payment is made, the interest must be first discharged; but if the payment be less than the interest, the balance of the interest does not become principal.

The bill in the above-named cause having been taken for confessed and a decree rendered enjoining the payee's proceedings at law, *held*, that costs might be given to the complainants. *Held*, also, that the decree should secure to the payee his costs in the suit at law.

ERROR to the *Wayne* Circuit Court.

HOLMAN, J.—*Harvey* brought an action of debt against *Crawford* and others, on a promissory note. The defendants filed a bill in chancery, charging that the note was given on a usurious contract; bringing into Court the money said to be due for principal and interest; and praying a discovery of the usury, an injunction of the proceedings at law, and relief. To this bill *Harvey* demurred. The principal causes of demurrer were, first, that the disclosure of usury, if any, would subject him to a criminal prosecution; and, secondly, that all the money due is not brought into Court. The first of these causes is removed by the bringing of the principal and interest into Court. The only penalty for usury, by the act of assembly, that was in force

*Tuesday,*
*May 8.*

May Term,
1827.

Harvey
v.
Crawford.

at that time, is the forfeiture of the interest.  Stat. 1818, p. 87 (1).  If the defendant cannot answer without confessing usury, he may take the money out of Court, and thereby receive all to which he is equitably entitled; and by failing to answer will subject himself to no forfeiture.  If he can deny the charge of usury, he is at liberty to do so.  So that in either case he is subjected to nothing but the loss of an illegal advantage.  On the second ground of demurrer, we discover that the complainants and the defendant have adopted different modes of calculating interest.  The true method of calculation we conceive to be this; that wherever a new contract is made about the money loaned, and a new note, or new security given, the interest should be calculated up to the time of such new contract, and added to the principal.  But that this calculation is not to be made at every agreement for further forbearance of payment, if no change is made in the securities.  And that whenever a payment is made, the interest must be discharged first; but if a sum less than the interest is paid, the balance of the interest does not thereby become principal (2).  Adopting this mode of calculation, we perceive that the sum paid into Court, on the most exact calculation, will cover all the principal and interest really due, except about two dollars; a sum too small, in a long and often varied contract for several hundred dollars, to authorise the reversal of a decree.

When the demurrer in this case was overruled, the defendant refused to answer; the bill was taken for confessed; and the Circuit Court decreed a perpetual injunction of the proceedings at law, and gave the complainants a decree for costs.  As this was a matter originally cognizable in a Court of chancery, and was not taken into a Court of law by the complainants, there was nothing in it to prevent the Court of chancery from granting the necessary relief.  Costs in chancery are generally a matter of discretion; and we do not discover but that the whole circumstances of this case may warrant the decree for costs.

One thing however remains.  *Harvey* had proceeded at law to recover a sum of money for which he had a legal demand.  The principles of equity would not interfere to stay his further proceedings until the sum really due was paid into Court.  The costs at law were therefore a matter of right; and nothing has transpired in the proceedings in chancery to show that he was

not equitably entitled to them; for the same rule that requires the complainants to do equity, by bringing the principal and legal interest into Court, would require them to pay the costs that had already accrued in attempting to recover the money thus admitted to be due.

*Per Curiam.*——The decree, except so much thereof as perpetually enjoins the recovery of the costs at law, is affirmed. That part of the decree, which enjoins the recovery of those costs, is reversed.   Cause remanded, &c.

*Rariden,* for the plaintiff.

*Smith,* for the defendants.

(1) R. C. 1824, pp. 227, 228, accord.   In 1831 this law was changed, and the parties were authorised to make a written agreement for the payment of interest at any rate they pleased.   In the absence of any such agreement, 6 *per cent. per ann.* was the legal rate.   R. C. 1831, p. 290.   In 1833, the law was again changed.   The legal rate of interest, if there be no written agreement on the subject, is now 6 *per cent. per ann.*   The parties may agree in writing for a higher rate, not exceeding 10 *per cent. per ann.*   The penalty, on conviction by presentment or indictment, for receiving more than 10 *per cent. per ann.* is a fine to the state, for the use of the county seminary, in double the amount of the excess of interest above 10 *per cent. per ann.* so received. Stat. 1833, p. 43.

(2) Accord, *Dean* v. *Williams,* 17 Mass. 417.——*Wasson* v. *Gould, May* term, 1832, post.