May Term,
1850.

DEVELIN
v.
WOOD.

---

## DEVELIN v. WOOD and Another.

There is no statute authorizing a judgment without stay of execution; and an agreement of the maker of a note to pay it without relief from the stay laws, does not authorize a judgment of that character.

Monday,
June 3.

APPEAL from the *Fayette* Circuit Court.

SMITH, J.—This was an action of debt brought by *Wood* and *Oliver*, the defendants in error. The declaration alleges that, "on the 28th of *December*, 1846, at said county, the said defendants, (the said *Develin* by the de-

scription of *Lofe Develin*, and *O'Neil*, by the description of *Wm. G. O'Neil*,) made their certain promissory note in writing, and thereby then and there undertook and agreed to pay, one year thereafter, to the order of *Vallette* and *Stokes*, the sum of 600 dollars, without any relief whatever from the stay or valuation laws of the state— meaning thereby the appraisement and replevin laws of the state of *Indiana*—and, afterwards, to-wit, on the day and year aforesaid, at said county, the said *Vallette* and *Stokes*, by their certain indorsement thereon, assigned said note to the plaintiffs," &c.

A return of "not found," as to *O'Neil*, was suggested upon the record. *Develin* appeared, and demurred to the declaration. The demurrer was overruled; and judgment was rendered on the demurrer against *Develin* for the amount of the note with interest "without the stay of execution or valuation or appraisement of property thereon."

Motions for a new trial and in arrest of judgment were overruled.

The appellant contends that this judgment is erroneous—

1st. Because there is no statute authorizing a judgment to be rendered without benefit of the stay or replevin laws of the State;

2d. Because the statute authorizing the rendition of judgment without relief from the appraisement or valuation laws, was repealed by the 59th chapter of the Revised Statutes of 1843.

The appellee contends that the makers of the note agreed to waive their right to the benefit of the stay and valuation laws, and that their agreement authorized the rendition of a judgment accordingly.

The only act authorizing such a judgment as was rendered in this instance, is that approved *February* 13th, 1843. It is entitled "an act to require the bank to continue specie payments and to enable it to maintain them."

The second section provides that, on certain kinds of mercantile paper, discounted by the *State Bank*, there shall be a stay of execution for six months from the date

of the judgment, on sufficient security being given; but no appraisement or valuation shall be required or allowed before the sale of the property, which may, on being duly advertised, be sold to the highest bidder.

The 3d section is in the following words:

"From and after the first day of *June* next, if any person or persons, for a consideration arising wholly after that time, shall agree in writing to pay any sum of money without any relief whatever from valuation or appraisement laws, judgment shall be rendered accordingly; and after the same stay provided in the foregoing section, if sufficient security be given, and if not, immediately, property may be taken in execution and sold as therein provided."

The 59th chapter of the Revised Statutes of 1843, contains a section (s. 4) repealing all acts and parts of acts the subjects whereof are therein revised and re-enacted, with certain exceptions and limitations. Amongst those exceptions is the act establishing the *State Bank*, and all acts and parts of acts and joint resolutions amending and modifying the same, or any part thereof, and all acts supplemental or relating thereto, which are continued in force.

The 21st section of the same chapter, provides that whenever any act passed at the same session of the legislature during which the Revised Statutes were passed, separate from the Revised Statutes, shall conflict with, or contravene, any of the provisions contained in the Revised Statutes, any such provision or provisions of the Revised Statutes shall be of no force or effect as to the subject matter coming within the purview of such act or acts.

The act of *February*, 13th, 1843, was passed at the same session, and after the passage of the Revised Statutes, which were approved on the 11th of *February*, 1843. This act was not, therefore, repealed by the 59th chapter of the Revised Statutes, and the judgment is not objectionable for being rendered without relief from the valuation or appraisement laws. But there is no statute author-

izing a judgment without stay of execution, and the agreement of the maker of the note to pay it without relief from the stay laws, did not authorize a judgment of that character.

*Per Curiam.*—That part of the judgment preventing a stay of execution is reversed and set aside at the costs of the defendant in error. The remainder of the judgment is affirmed.

*J. B. Sleith*, for the appellant.

*J. S. Newman* and *J. A. Fay*, for the appellees.