CONWELL, President of the Bank of Connersville, and Another *v.* FINNELL and Others.

A paragraph of an answer professing to be an answer to the whole complaint, but in fact answering only a part of thereof, is bad on demurrer.

The drawee of a bill of exchange may receive the same before its dishonor, by way of indorsement, and recover upon it as indorsee, against the drawer and indorser.

APPEAL from the *Fayette* Circuit Court.

WORDEN, J.—This was an action brought by the appellees against the appellants upon a bill of exchange. It

is averred in the complaint that, on the 12th of *March*, 1855, the *Bank of Connersville*, by her president, drew a bill of exchange upon the appellees, payable to the order of *A. B. Conwell*, ninety days after date, at the *Fayette County Bank* in *Connersville*, for the sum of 2,096 dollars, 40 cents; that on the day of the date of the bill, the payee thereof indorsed and delivered the same to the plaintiffs; that on the day when the bill became payable, it was duly presented at the *Bank of Connersville*, and payment demanded and refused, and the bill duly protested, of which the defendants had notice.

The action is brought against the bank as drawer and *Conwell* as indorser of the bill. There was a demurrer filed to the complaint, which was overruled, and exception taken; but we shall not further notice it, as the same point is raised by a demurrer to the fourth paragraph of the answer.

The defendants answered—

1. By general denial.

2. "And for a further and second defense, said defendants say that the said *Kentucky Trust Company Bank* is indebted to the said *Bank of Connersville* in the sum of 2,100 dollars in the notes of the said bank, issued and circulated by her as money, and which notes of circulation the said *Bank of Connersville* now brings into Court, and offers to pay the same to the said plaintiff in satisfaction of all indebtedness on the part of said *Bank of Connersville*. Wherefore," &c.

3. "And for a further and third defense, said defendants say that heretofore, to-wit, on the 15th day of *June*, 1855, the said *Bank of Connersville* held 2,100 dollars of the notes issued and circulated by the said *Kentucky Trust Company Bank* as money, and the said *Bank of Connersville* then and there offered the same to the said plaintiffs in payment of said bill of exchange, and the said *Bank of Connersville* now brings the said notes, issued and circulated by the said *Kentucky Trust Company Bank*, as aforesaid, into Court, to-wit, 2,100 dollars, and offers to set the same off against any indebtedness on the part of the said

*Bank of Connersville* to the plaintiffs as commissioners of the said *Kentucky Trust Company Bank.* Wherefore," &c.

Nov. Term,
1858.

CONWELL
v.
FINNELL.

4. "And for a further and fourth defense, the said defendants say that the said bill of exchange was drawn on the said *John W. Finnell, William B. Kinkead, and Leonidas W. Winston*, as commissioners of the said *Kentucky Trust Company Bank*, by the description of 'The Comm'rs of *Ky. Trust Co. Bank, Covington, K.,*' and who are the plaintiffs in this suit. Wherefore," &c.

A demurrer was filed to the second, third, and fourth paragraphs of the answer, assigning for cause (among other things), that the same do not contain facts sufficient to constitute a defense to the action. The demurrer was sustained, and the defendants excepted. The cause was tried by the Court on the general denial, and there was a finding and judgment for the plaintiffs for 2,130 dollars, 58 cents. A motion for a new trial was overruled, and exception taken, setting out the evidence; but as no point is made in the brief of counsel as to the insufficiency of the evidence, no defect being pointed out or suggested, we shall not further notice the motion.

The questions presented relate to the rulings of the Court upon the demurrers.

The second and third paragraphs of the answer are bad, for the reason, if for no other, that they both profess to be an answer to the whole cause of action, when, at most, they set up matter which would bar only a part of it. At the commencement of the suit, there was due for principal and interest on the bill, about 2,122 dollars, as appears from the facts stated in the complaint. At the time of the trial, there was due, as found by the Court, 2,130 dollars, 58 cents. The answer was filed at the term of the Court at which the cause was tried. As a full defense to this claim, the defendants set up matters that at most could have been a defense to 2,100 dollars of it only. The facts pleaded in the second paragraph not only profess to be pleaded as a defense to the whole cause of action, but the 2,100 dollars are offered "in satisfaction of *all* indebtedness on the part of the *Bank of Connersville.*"

VOL. XI.—34

The third paragraph professes to answer the whole cause of action, and offers to set off the 2,100 dollars against *any* indebtedness on the part of the *Bank of Connersville.* The fact alleged in this paragraph, that on the 13th of *June,* 1855, the defendant held the 2,100 dollars, and offered it to the plaintiffs in payment of this bill, cannot enlarge the effect of this paragraph as an answer of set-off  The offer was obviously bad as a tender, the plaintiffs not being bound to accept it, and could not have prevented the accruing of interest on the bill.

In Chit. on Pl. p. 523, it is laid down as a rule, " That every plea must answer the whole declaration or count, *or rather all that it assumes in the introductory part to answer,* and no more." And at page 524—"But if a plea profess at its commencement to answer the whole cause of action, and afterwards answer only a part, the whole plea is bad." This doctrine has been recognized by this Court as being applicable to pleadings under the code, as well as at common law. *Rose* v. *The North River Bank,* at the present term (1).

The second and third paragraphs being bad, for the reason indicated, we shall enter upon no discussion of the question whether the notes of the *Kentucky Trust Company Bank* could have been set off against the claim sued upon.

We have had some difficulty, in arriving at a satisfactory conclusion in reference to the fourth paragraph of the answer. The identity of the drawees with the indorsees, does not, perhaps, sufficiently appear by the complaint; but it is distinctly averred in this paragraph. By this paragraph, the question is presented, whether or not the drawee of a bill of exchange, can, before its dishonor, receive the same by way of indorsement, and recover thereon as indorsee, against the drawer and indorser. No authorities have been cited by counsel on either side, upon this question; and in our own researches we have found but two cases that seem to be directly in point. At first we were strongly inclined to the opinion, that when a drawee of a bill receives it as his own, from the payee or other holder, although it be done by way or indorsement,

such transaction would operate as a payment and extinguishment of the bill. The cases, however, decide this question the other way. In the case of *Desha et al.* v. *Stewart*, 6 Ala. R. 852, this precise point was involved and decided. The Court say: "It is contended by the defendants that the drawees of a bill cannot become the holders, so as to enable them to maintain an action upon it against the drawer or indorsers. We shall consider the proposition with the qualification that the bill comes into their hands previous to its dishonor. The counsel of both parties admit their inability to find any adjudicated cases which bear directly upon the question, and our examination of the books has not been more successful. * * * * At first we were inclined to think that if a drawee comes into possession of a bill previous to its dishonor, the legal presumption is that he takes it with the obligation to accept; but further reflection satisfies us that no such presumption arises. When the drawee takes a bill from an indorser, he pays a consideration for it, and if there is no contract or engagement to accept, there is no reason why, after its dishonor, he should not have the same remedy as any other holder. Until he has accepted the bill, he is as much a stranger to it as any other person."

Nov. Term,
1858.

CONWELL
v.
FINNELL.

In the case of *Attenborough* v. *McKenzie*, 36 Eng. Law and Eq. R. 562, the defendant had drawn a bill upon one *Tingay*, which had been accepted by him. The bill was afterwards indorsed to *Tingay*, and by him indorsed to a third person, who indorsed it to the plaintiff. It was objected to the recovery, that "payment by the acceptor discharged the drawer," and "that the acceptor cannot reissue the bill after paying the amount, less the discount, in order to charge parties upon it, to whom he himself will be liable." But *per* POLLOCK, C. B.: "When a bill has been created, according to the custom of merchants, as a real commercial transaction, it is a part of the general circulating medium of the country, and the acceptor, after its issue, stands, with regard to a transfer of it to him, in the same position as any other person. He may, indeed, pay it to discharge it, but discounting it is not paying it; and

Nov. Term,
1858.

if he discount it, he may reissue it. Nothing will discharge the drawer but payment according to the law merchant." ALDERSON, B., concurred. "If an acceptor discount a bill, he may reissue it."

If, in the case at bar, the plaintiffs might have reissued the bill, or, in other words, if they might have indorsed it to a third person so as to give him a right of action thereon against the drawer and indorser, it follows that they can maintain the action themselves.

On the above authorities we have concluded to hold the fourth paragraph of the answer bad.

*Per Curiam.*— The judgment is affirmed, with 1 per cent. damages and costs.

*J. A. Fay*, for the appellants.

*B. F. Claypool*, for the appellees.

