*H. C. Newcomb, John Tarkington* and *J. H. Mattock* for the appellants.

*J. A. Liston,* for the appellees.

May Term, 1861.

PRATT v. WALLBRIDGE.

---

PRATT and Others *v.* WALLBRIDGE.

Where a new contract is entered into for the payment of a precedent debt, upon which interest has accrued, and by the new contract usury is taken or reserved, the "principal," which the creditor may recover under our usury law, (1 R. S., § 4, p. 344) is the amount of the principal of the precedent debt, with legal interest thereon, up to the time of the making of the usurious contract.

A plea, setting up usury in the new contract in bar, not only of the illegal interest taken or reserved thereon, but of the legal interest which had accrued upon the precedent debt, is bad, because the facts are pleaded in bar of too much.

APPEAL from the *Allen* Common Pleas.

WORDEN, J.—Suit by *Wallbridge* against the appellants, upon the following promissory note:

*Thursday, May 30.*

" $1,333.              *Fort Wayne, Nov.* 7, 1857.

Four months after date, we promise to pay *H. D. Wallbridge,* or bearer, thirteen hundred and thirty-three dollars, for value received, with interest from date.

(Signed)     PRATT & Co."

The defendants answered, amongst others things, as follows:

" And said defendants for a further answer in this behalf,

May Term, 1861.

PRATT
v.
WALLBRIDGE.

as to the sum of $174, part and parcel of the said sum of $1,333 in said note mentioned, say that said note in said complaint mentioned, was given by the said defendants to the plaintiff, as the assignee of one *Samuel J. Hally*, for a balance claimed to be due by said defendants to said *Hally*, for advances on a consignment of wheat, made by the said plaintiff, as the agent of said *Hally*, to said *Pratt & Co.*, on the 26th of *October*, 1855, with usurious interest thereon ; and for no other, or different consideration whatever : that the amount so advanced, and not repaid by the defendants out of the proceeds of the sale of said wheat, was, on the 26th of *October*, 1855, $1,159.

" And the defendants aver, that the said money was advanced by said *Hally* through the plaintiff, as his agent, at *Toledo*, in the State of *Ohio*, and that by the laws of the State of *Ohio*, then in force, to wit: an act, entitled ' An act fixing the rate of interest,' passed *January* 12, 1824, it was enacted," &c. [Here follows the statute fixing the rate of interest at 6 per cent, but it is unnecessary to extend the opinion by copying it.] " And the defendants further aver, that said *Samuel J. Hally*, and the said *Henry D. Wallbridge*, unlawfully and corruptly computed the interest on the said sum so advanced to said *Pratt & Co.*, at a greater rate than 6 per cent. per annum, and compounded the same five several times, from the said 26th day of *October* 1855, until the date of said note; that is to say : [Here follows a detailed statement of the different computations and compoundings, which it is unnecessary to copy] making together the said sum of $1,333, being an excess of $32.64 over and above the legal interest on said sum of $1,159, so advanced by said *Hally* to said *Pratt & Co.* And thereupon it was corruptly agreed between the said plaintiffs and the said firm of *Pratt & Co.*, that the said sum of $174, including the said sum of $32.64, should be added to the sum of $1,159 for the forbearance thereof, from the 26th day of *October*, 1855, to the said 7th day of *November*, 1857, making together the said sum of $1,333, and that the said firm of *Pratt & Co.* should give the plaintiff their note

therefor; and thereupon in pursuance of said unlawful and corrupt agreement said promissory note was given," &c.

A demurrer was sustained to this paragraph of the answer, and the defendants excepted. Final judgment for the plaintiff.

The only errors assigned are upon the ruling of the Court upon the demurrer, and in rendering judgment, waiving appraisement laws.

The main question for our determination is whether the paragraph of the answer above set out is valid.

As the note was made in this State, we are unable to perceive that the law of *Ohio* has much to do with the determination of this question. The consideration of the note arose in Ohio, but as the note was made here, and is payable here, or rather payable generally, it is to be governed by our own laws. We suppose the pleader, in setting out the law of *Ohio* prohibiting the taking of more than 6 per cent. interest, intended to exclude any conclusion that the plaintiff, by his various computations and compoundings, had entitled himself to more than 6 per cent. interest on the sum admitted to have been due on *October* 26, 1855. Any such conclusion, we think, is excluded by the statute pleaded, as well as by the decision of our own Court. *Harvey* v. *Crawford et al.*, 2 Blackf. 43; *Niles* v. *The Board of Commissioners of the Sinking Fund*, 8 *id.* 158.

While this is the case, we may here note a material distinction between the law of *Ohio* and our own, as settled by judicial construction. Here the principal only can be recovered on a contract tainted with usury, while in *Ohio* it is the settled exposition of the statute pleaded, that the plaintiff may recover the principal and legal interest. *Bank of Chillicothe* v. *Swayne*, 8 Ohio, 257:

With these preliminary observations, we come more directly to the question involved. The validity of the paragraph in question depends, as we think, upon the construction to be given to the fourth section of the act concerning interest on money. 1 R. S. 1852, § 4, p. 344. It provides that, "If a greater rate of interest than is herein before allowed, (6 per cent.) shall be contracted for, or received, or reserved, the

contract shall not therefore be void; but if, in any action on such contract, proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the defendant shall recover costs; and the plaintiff shall recover his principal without interest; and if interest shall have been paid thereon, judgment shall go for the principal, deducting interest paid."

What, in contracts for the payment of precedent debts, is to be deemed the "principal," which the plaintiff may recover as above provided? Is it the sum due him for the principal of his debt, and the legal interest that had accrued thereon, up to the time when the usurious contract was entered into; or is it the principal of the debt merely, excluding the legal interest that had accrued upon it before the making of the usurious contract? We incline to the opinion that it should be the former. To illustrate: suppose $A$. holds a promissory note against $B$. for the payment of a sum of money with interest thereon, and suppose that upon the note becoming due, the time of payment is extended upon terms agreed upon, and the note is taken up, and a new one given which is usurious. It seems to be clear enough that, in such case, the principal and interest due on the former note could be recovered in a suit upon the latter. The sum due for such principal and interest we think may well be regarded as constituting the "principal" of the latter note, which may be recovered. It seems also to be immaterial whether the interest which had accrued upon the precedent debt, was by virtue of the express terms of the contract, or by operation of law. We think a reasonable interpretation of the statute will authorize a plaintiff to recover, as principal, whatever was due him, in such case, for principal and interest on the precedent debt, for the payment of which the usurious contract was entered into. Such sum he would be entitled to if the usurious contract had not been made. The case, however, is entirely different where the precedent debt is not upon interest. In such case, if the plaintiff recovered any thing more than his original debt, it would be wholly by virtue of his usurious contract. Not being entitled to interest on the precedent debt, the plaintiff

could not, of course, secure legal interest upon it by getting a contract for the payment of usury.

With this construction of the statute, we proceed to apply it to the pleading in question. We think the paragraph assumes that the balance due the plaintiff of $1,159, on *October* 26, 1855, was entitled to draw interest. This is not expressly alleged or admitted, but it is fairly to be inferred from the language employed. It is alleged that by the various compoundings and computations, an excess resulted, and was embraced in the note, " of thirty two dollars and sixty four cents, over and above *the legal interest on said sum of* $1,159." The plaintiff being entitled to recover the principal and legal interest due him at the time the note was given, it follows that the plea was bad, because the facts were pleaded in bar of too much. Instead of being pleaded in bar of $174, they should have been pleaded in bar only of the excess, viz., the $32 and 64 cents. *Conwell* v. *Finnell*, 11 Ind. 527; *Smith* v. *Baxter*, 13 *id.* 151.

There was no error in sustaining the demurrer.

The other point is well made. The Court rendered judgment, waiving appraisement laws. This was wrong, as the note did not waive those laws. This portion of the judgment can not be sustained; but the reversal of it does not affect the balance. *Develin* v. *Wood*, 2 Ind. 102; *Alexander* v. *Frary*, 9 Ind. 481.

*Per Curiam.*—That part of the judgment waiving appraisement laws is reversed, with costs; the balance of the judgment is affirmed.

*Wm. H. Coombs*, for the appellants.

*L. M. Ninde* and *H. W. Puckett*, for the appellees.