Smith *v.* Little *et al.*

NOTE.—BIDDLE, J., dissents.

———◆———

## SMITH *v.* LITTLE ET AL.

PLEADING.—*Defective Paragraph not Aided by Reference to Another.*—As a general rule, defective allegations in a paragraph of a pleading can not be aided by reference to the allegations of another paragraph.

SAME.—*Partial Answer to Entire Complaint.*—A paragraph of answer, purporting but failing to answer the whole complaint, is insufficient on demurrer.

REPLEVIN.—*Partial Answer.*—*Title under Sale for Storage.*—In an action of replevin, wherein the complaint alleged title and right of possession in the plaintiff at the date of the commencement of the action, the answer, without either confessing and avoiding or denying the allegations of the complaint, alleged title in the defendant at the date of the filing of the answer, based on an alleged sale of the chattel, made previous to the commencement of the action, for storage charges accrued upon a contract to which the plaintiff was not alleged to have been a party.

*Held*, on demurrer, that the answer is insufficient.

Smith *v.* Little *et al.*

SAME.—*Foreign Corporations Act.*—Section 2 of the "act concerning foreign corporations and their agents in this State," 1 R. S. 1876, p. 373, requiring the filing of an instrument authorizing service of process on the agent, in actions against the principal, refers only to actions on contract, and not to replevin suits.

NEW TRIAL.—*When Applied for.*—Except for causes discovered after the term at which a cause is tried, an application for a new trial can not be made after the term, without the consent of the opposite party.

From the Delaware Circuit Court.

*W. March*, for appellant.

*J. S. Buckles* and *J. W. Ryan*, for appellees.

HOWK, C. J.—In this action, the appellant sued the appellees, to recover the possession of eight sewing machines, particularly described and of certain alleged values, and damages for the unlawful detention thereof. In his complaint, the appellant alleged that he was the owner and entitled to the possession of said sewing machines, which the appellees had possession of without right, and unlawfully detained from the appellant, at the county of Delaware.

To the appellant's complaint, the appellees answered in four paragraphs, of which the first was a general denial, and each of the other three paragraphs stated affirmative matter as a defence. The appellant's demurrer to each of the affirmative paragraphs of answer, for the alleged insufficiency of the facts therein, was overruled by the court, and to these decisions the appellant excepted. He then replied, by general denials, to each of the affirmative paragraphs of answer, and specially to each of the third and fourth paragraphs thereof.

The cause being at issue was tried by the court, at its November term, 1874, and a finding was then made for the appellees, and judgment was then rendered thereon, in their favor, for their costs in that behalf expended. At the ensuing February term, 1875, of the court, and on the 27th juridical day of said term, the appellant moved the

court for a *nunc pro tunc* entry, showing the filing of a motion for a new trial at the preceding term, which motion was overruled, and to this ruling he excepted and filed his bill of exceptions.

In this court, the appellant has assigned, as errors, the following decisions of the court below:

1. The overruling of his demurrer to the third paragraph of the appellees' answer;

2. The overruling of his demurrer to the fourth paragraph of the answer;

3. The overruling of his demurrer to the second paragraph of the answer; and,

4. Error of the court in refusing to allow the filing of his motion for a new trial to be entered of record at the February term, 1875, as of the November term, 1874, and in sustaining the appellees' motion to set aside said motion for a new trial.

The second of these alleged errors, the overruling of the appellant's demurrer to the fourth paragraph of the answer, is the one to which his learned counsel, in his brief of this cause, has first directed the attention of this court. In this fourth paragraph of answer, the appellees alleged, in substance, that on the —— day of ———, 18—, The Singer Sewing Machine Company, by its then agent in charge of the machines mentioned in appellant's complaint, and in charge of said company's room and agency, contracted with one George Hammond, at Delaware county, for the storage of said machines at and for three dollars per month, for such length of time as such machines should be permitted by said Hammond there to remain, unless sooner removed by said company, the same to be removed by said company on demand of said Hammond, or to be sold by him for any charges thereon then due, after notice to said company and its agents of such intent; that, pursuant to said agreement, the machines were left in said Hammond's

room until the proper charges thereon amounted to seventy-five dollars; that on the 1st day of December, 1872, and on the 5th day of March, 1873, said Hammond notified personally said company's agents, who then claimed to own said machines, and its agent, as he was bound to do, to pay him said three dollars per month for the time said machines had been so stored, and remove them at once, or, in default thereof, he, said Hammond, would sell the same for his charges, on the 3d day of April, 1873; that said company's agent failed and. refused to remove said machines and pay said charges, and told said Hammond to sell said machines, "he didn't care;" and that afterward, on the 3d day of April, 1873, pursuant to said notices, said Hammond publicly sold said machines to the appellees for —— dollars, who then claimed the ownership thereof, by and through said sale.

In presenting and discussing the questions which fairly arise under the alleged error of the court, in overruling the demurrer, for the want of sufficient facts, to this fourth paragraph of the appellees' answer, the appellant's counsel says: "This paragraph attempts to confess and avoid, and, while confessing, does not state facts sufficient to constitute an avoidance. In order that such an answer constitute a good bar, it must show either an older or better title, or right of possession. than the plaintiff's, or that the parties claim through a common title and that the plaintiff's right has been cut off by the defendants." We are unable to see this paragraph exactly in the light in which the learned counsel has apparently desired to present it; as we utterly fail to perceive any attempt or intent even, on the part of the appellees, to confess the appellant's cause of action or any of the facts which enter into and together constitute such alleged cause of action. Perhaps, the paragraph might more correctly be regarded as an argumentative denial of the facts which constituted the ap-

pellant's supposed cause of action, as the facts averred in this paragraph of answer were, apparently at least, intended to be inconsistent with the existence of the facts stated by the appellant, in his complaint, as constituting his alleged cause of action. This we understand to be what is ordinarily termed, in pleading, an argumentative denial.

It makes but little difference, however, what name may be given to this fourth paragraph of answer. The question for our decision is, did it state facts sufficient to withstand the appellant's demurrer thereto, and to constitute a good defence to his action? In considering the sufficiency of this paragraph of answer, it must be borne in mind that the rule is almost elementary, which requires that each paragraph of a pleading, whether of complaint, answer or reply, must be perfect and complete within and of itself; for the defective allegations of one paragraph can not, as a rule, be aided or cured by reference to the allegations of another paragraph. *Silvers* v. *The Junction R. R. Co.,* 43 Ind. 435; *Potter* v. *Earnest,* 45 Ind. 416; *McCarnan* v. *Cochran,* 57 Ind. 166.

Another rule in pleading, which has been recognized and acted upon by this court continuously since the practice act of June 18th, 1852, became a law of this State, provides and requires that a paragraph of answer, which purports to be an answer to the entire complaint, must answer the entire complaint, or it will be held bad on a demurrer thereto for the want of sufficient facts. *Conwell* v. *Finnell,* 11 Ind. 527; *Alvord* v. *Essner,* 45 Ind. 156; *Reid* v. *Huston,* 55 Ind. 173.

It will be observed that the fourth paragraph of the appellees' answer, while it purports to be an answer to the appellant's complaint in this action, does not respond in any manner to such complaint; it neither admits nor denies, nor does it even allude to, any of the allegations of fact stated in such complaint. The paragraph of answer

neither admits nor controverts the appellant's ownership of the machines and his right to the possession thereof, as alleged in his complaint; nor does it deny that, at the commencement of this action, the appellees had possession of the machines without right, and unlawfully detained them from the appellant, at Delaware county. The record shows that this action was commenced by the appellant on the 5th day of April, 1873. On that day, he filed his complaint, verified on that day, in the clerk's office of the court below; and on that day he also filed the written undertaking required by the statute in such cases. It seems to us, therefore, that the allegations of his complaint must be construed, in so far as time is concerned, as having reference to that particular day; that on that day he was the owner and entitled to the possession of the sewing machines described in his complaint, and that, on that day, the appellees had possession of said machines without right, and unlawfully detained the same from him, the appellant, at the county of Delaware.

The appellees filed the fourth paragraph of their answer to appellant's complaint, as the record shows, on the 16th day of November, 1874, or more than nineteen months after the filing of appellant's complaint. In this fourth paragraph of answer, as we have already seen, the appellees neither admitted nor denied any of the allegations of the complaint: but they alleged that on the 3d day of April, 1873, at a sale of the machines then made by one Hammond for and on account of a claim in his favor, for the storage of the machines, they, the appellees, became the purchasers thereof. It was not alleged in this paragraph of answer, that the appellant's title to, or his right to the possession of, the machines in controversy was in any manner affected by Hammond's alleged sale of the machines on his storage account; nor did the appellees allege or claim, in this paragraph, that they had acquired any title

to the machines by reason of Hammond's sale or their purchase thereof, until long after the commencement of this action, or that they had ever acquired any right to the possession of the machines. The only allegation in this paragraph of answer, in relation to the appellees' title to or ownership of the machines in controversy, is that they "*now,*" that is, on the 16th day of November, 1874, "claim the ownership thereof, by and through said purchase." The appellees have nowhere alleged in terms, in this paragraph, that they ever had any right to the possession of the machines.

Manifestly, therefore, as it seems to us, the facts alleged in the fourth paragraph of the appellees' answer were utterly insufficient to constitute a valid defence to the appellant's cause of action, and the court erred in overruling his demurrer to this paragraph.

In the third paragraph of their answer, the appellees alleged, in substance, that the appellant was an agent of the Singer Sewing Machine Company, a foreign corporation, which was doing business, at the time of the commencement of this suit, in this State and in Delaware county, by and through the appellant as such agent; that this suit was brought by the appellant, as the agent of said company, for the recovery of the sewing machines described in his complaint, which machines were not the property of the appellant, but were the property of said company; and that the said company had never complied with the requirements of sections 1 and 2 of "An act respecting foreign corporations and their agents in this State," approved June 17th, 1852.

We have decided that the facts alleged in this paragraph, in an action upon a contract executed to or with a foreign corporation, or its agent, in this State, would constitute a good defence, not in bar, but in abatement of the action, as one prematurely brought, until the corpo-

ration or its agent should comply with the provisions of the statute. *The Walter A. Wood Mowing, etc., Co.* v. *Caldwell,* 54 Ind. 270; *Daly* v. *The National Life Ins. Co., etc.,* 64 Ind. 1; and *The Singer Manufacturing Co.* v. *Brown,* 64 Ind. 548.

It is certain, however, we think, that the provisions of the act respecting foreign corporations and their agents in this State are applicable only to actions brought for the enforcement of contracts, and have no applicability whatever to actions, such as this, brought by a foreign corporation, or its agent, to recover the possession of its property. That this is so is clearly shown by section 4 of said act, which provides that " Such foreign corporations shall not enforce in any courts of this State, any contracts made by their agents or persons assuming to act as their agents, before a compliance by such agents, or persons acting as such, with the provisions of sections 1 and 2 of this act." 1 R. S. 1876, p. 373. There is no such prohibition as this in the statute, in regard to actions brought by foreign corporations, or their agents in this State, to recover the possession of their property.

In our opinion, therefore, the court erred in overruling the appellant's demurrer to the third paragraph of the appellees' answer.

Appellant's counsel has not discussed, in his brief of this cause, the third alleged error, and therefore we regard it as waived.

As our conclusions, in regard to the insufficiency of the third and fourth paragraphs of the appellees' answer, will necessarily lead to the formation of new issues and a new trial of this cause, we need not consider nor pass upon the questions presented and elaborately argued by the appellant's counsel, arising under the fourth alleged error. It is proper for us to say, however, that section 354 of the practice act apparently settles these questions adversely to

the position of the appellant's counsel, when it provides that " The application for a new trial must be made at the term the verdict or decision is rendered." 2 R. S. 1876, p. 183. This section is mandatory ; and, in construing its provisions, this court has repeatedly decided that, except for causes discovered after the term, the application for a new trial must be made at the term the verdict or decision was rendered, and that the trial court has no discretion in this regard, and can not give time, beyond the term, to make an application for a new trial, except by the agreement or waiver of the parties to the action. *Wilson* v. *Vance*, 55 Ind. 394; *Cutsinger* v. *Nebeker*, 58 Ind. 401; *The Pennsylvania Co.* v. *Sedwick*, 59 Ind. 336.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the demurrers to the third and fourth paragraphs of the appellees' answer, and for further proceedings in accordance with this opinion.