## FRAZEE ET AL. *v.* FRAZEE ET AL.

PLEADING.—*Partial Answer.*—It is a rule of pleading, that each paragraph of an answer must fully answer the entire complaint, or so much thereof as it purports to answer.

From the Delaware Circuit Court.

*C. E. Shipley* and *W. March*, for appellants.

HOWK, J.—In this action, the appellants sued the appellees in a complaint, duly verified, wherein they demanded judgment for the possession of certain real estate therein described, subject to the life-estate of the appellee Sarah E. Frazee ; that their title thereto, subject to said life-estate, might be quieted against the appellee John Frazee ; that the conveyance of said real estate by James Frazee, in his

lifetime, to said John Frazee, might be set aside and declared null and void, because it was fraudulent and was defeated by said John Frazee's non-performance of his contract, under which he had obtained said conveyance, and because of the unsoundness of mind of said James Frazee at the time of his pretended execution of said deed; and that the last will of said James Frazee, deceased, and the probate thereof, might be set aside and declared void. The complaint is very long, and, as its sufficiency is not questioned in this court, we need not give a summary even of the facts alleged therein.

To the complaint, the appellee John Frazee separately answered in seven paragraphs; to each of which, except the first and fourth, the appellants' demurrers, for the want of facts, were overruled by the court, and to these rulings they excepted. They then replied, putting the case at issue. The cause was tried by a jury, and a verdict was returned for the appellees; and the appellants' motion for a new trial having been overruled, and their exception saved to such ruling, the court rendered judgment against them on the verdict, for the appellees' costs.

Errors are assigned by the appellants, in this court, calling in question the several decisions of the circuit court, in overruling their demurrers to the several paragraphs of the separate answer of said John Frazee, and in overruling their motion for a new trial.

We have no brief of this cause in this court, from the appellees or their counsel, in support of the decisions of the circuit court complained of, as errors, by the appellants. In so far as the several decisions of the court, in overruling the appellants' demurrers to the several paragraphs of the separate answer of said John Frazee, are concerned, it seems to us that the court clearly erred in each of those decisions. The same objection is urged by the appellants' counsel to the sufficiency of each of the said paragraphs of

answer, and that is, that each of the said paragraphs is clearly insufficient, on the demurrer thereto for the want of facts, because it does not fully answer the complaint, or so much of the complaint as it purports on its face to answer. Without extending this opinion by setting out the substance of these paragraphs of answer, we may say, generally, that a careful examination of the record of this cause has satisfied us, that this objection is well taken as to each of said paragraphs. There is no rule of pleading more fully recognized and settled by the decisions of this court than this, that each paragraph of an answer must fully answer the entire complaint, or so much thereof as it purports to answer, or it will be held bad on a demurrer thereto for the want of sufficient facts. *Conwell* v. *Finnell*, 11 Ind. 527; *Rogers* v. *Place*, 29 Ind. 577; *Bouslog* v. *Garrett*, 39 Ind. 338; *Alvord* v. *Essner*, 45 Ind. 156; *Reid* v. *Huston*, 55 Ind. 173; and *Smith* v. *Little*, 67 Ind. 549.

We are of the opinion, therefore, that the court erred in overruling the appellants' demurrers to the second, third, fifth, sixth and seventh paragraphs of the separate answer of the appellee John Frazee. Having reached this conclusion in regard to the insufficiency of said paragraphs of answer, it is unnecessary for us to consider and decide any of the questions arising under the alleged error of the court, in overruling the motion for a new trial; for these questions may not arise on another trial of the cause.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the demurrers to said paragraphs of answer, and for further proceedings.