## THOMPSON ET AL. *v.* TOOHEY.

### No. 7436.

AMENDED COMPLAINT.—*Record.*—After filing an amended complaint, the original ceases to be a part of the record.

PLEADING.—*Cross Complaint.—Answer.*—A pleading can not perform the double function of an answer and cross complaint.

SAME.—*Answer not Responsive to Entire Complaint.—Counter-Claim.—Real Estate.—Action to Quiet Title.—Tax Lien.*—To a complaint seeking to quiet title to three parcels of real estate, defendant filed a pleading setting up a tax lien upon the undivided three-fourths of three parcels of land, but not alleging the same to be the land or parcels thereof described in the complaint.

*Held,* on demurrer, that as an answer it was bad, because not responsive to the complaint.

*Held,* also, that, viewed as a counter-claim, it was insufficient, because it did not allege " matter arising out of, or connected with the cause of action," under section 59 of the code.

From the Marion Superior Court.

*T. E. Johnson,* for appellants.

HOWK, J.—In this action, the appellants, as the plaintiffs below, alleged, in substance, in their complaint, that they were the owners in fee simple of the real estate in Marion county, Indiana, described as the west sixty acres of the south half of the northwest quarter of section 15, township 17, range 4 east, and the east 46 acres of the south half of said northwest quarter of said section 15, and 35 acres in the east end of the north side of the southwest quarter of said section 15; that they had been in the peaceful possession of said real estate for more than —— years then last past; that they were informed and believed that the appellee, Michael A. Toohey, claimed some interest in and to said real estate, adverse to the appellants' right and title therein; that the appellants were not fully informed as to the nature and extent of the appellee's claim, nor had they any means of being so informed; that the appellee's said claim was a serious cloud upon the appellants' title to said real estate; and that said claim was void and of no effect. Wherefore they prayed that the appellee might be required to answer as to the nature and extent of his interest in and to said real estate, that the appellee's claim might be set aside as void, and that their title to said real estate might be quieted, etc.

The appellee answered in a single paragraph, by way of

counter-claim, to which the appellants' demurrer, for the want of sufficient facts, was overruled by the court, and to this ruling they excepted. They then replied in two paragraphs to said counter-claim, of which the first was a general denial, and the second paragraph stated affirmative or special matters. The appellee's demurrer, for the want of facts, was sustained by the court to the second paragraph of the reply, and to this decision the appellants excepted; and declining to amend or plead further, and having withdrawn the first paragraph of their reply, the court at special term rendered judgment against them for the appellee's costs. On appeal from this judgment, it was affirmed by the court in general term; and, from this judgment of affirmance, this appeal is now here prosecuted.

By a proper assignment of error, the appellants have brought before this court the errors assigned by them in the court below, in general term, as follows :

1.   The court in special term erred in sustaining the appellee's demurrer to their original complaint;

2.   The court in special term erred in overruling their demurrer to appellee's counter-claim ; and, '

3.   The court in special term erred in sustaining the appellee's demurrer to the second paragraph of their reply.

1.   The original complaint of the appellants is not in fact, and it was not in law, after the filing of their amended complaint, any part of the record of this cause. Of course, therefore, no question is presented by the first alleged error for the decision of this court; and the appellants' counsel has declined to discuss this first supposed error.

2.   In his answer and counter-claim, the appellee alleged, in substance, that he was the owner of the premises hereinafter described, by virtue of a purchase made by him at a tax sale for State, county and township taxes, on the 14th day of February, 1876, for the sum of $95.16, upon which

he was entitled to the penalty of $47.58, being fifty per cent. upon the purchase price, and six per cent. upon the purchase price; and that he thereupon took a certificate of purchase for the premises purchased by him, to wit: The undivided three-fourths of 46 acres off of the east end of the south half of the northwest quarter of section 15; also 60 acres off of the west end of the northeast quarter of section 15; and also 34 acres off of the east end of the north half of the southwest quarter of section 15, all in township 17 north, of range 2 east, in Marion county, Indiana, a copy of which certificate was filed with and made a part of said counter-claim; that, by the purchase of said real estate at a legal sale, the appellee had paid $95.16 of the appellants' taxes, which they ought to have paid, and the same was due from them to the appellee, with legal penalty and interest; that the appellants had never redeemed, or offered to redeem, the said premises or any part thereof from said tax sale, nor had they in any manner reimbursed, or offered to reimburse, the appellee for the money paid by him at said tax sale; that, at the time of said tax sale, the taxes for which the sale was made were due, unpaid, delinquent and a lien upon said land; and that the taxes had been lawfully assessed and lawfully returned as delinquent. Wherefore the appellee prayed, that the appellants' complaint might be dismissed at their costs, and that, upon his counter-claim, he might recover judgment for the amount of his purchase-money, penalty and costs, and for damages in the sum of $300, and that the same be declared a lien on the premises as taxes, and costs of suit, and for other proper relief.

We are of the opinion, that the court at special term clearly erred in overruling the appellants' demurrer to the foregoing pleading of the appellee, whether it is to be regarded as an answer or as a counter-claim. The pleading can not be considered as performing the double function

of both answer and counter-claim; it must be the one or the other, and it can not be both. This point has been often decided by this court, and the reasons for this ruling have been given so frequently, that we deem it unnecessary to repeat them here. We cite a few of the cases in which this point has been considered and decided, as follows: *Campbell* v. *Routt,* 42 Ind. 410; *McMannus* v. *Smith,* 53 Ind. 211; *The Indiana State Board, etc.,* v. *Gray,* 54 Ind. 91; and *Kimble* v. *Christie,* 55 Ind. 140.

If the pleading under consideration is regarded as an answer merely, it was bad on the demurrer thereto for the want of facts, for the reason that, while it purported to be, it was not, responsive to the appellants' entire cause of action. Under the code, there is no rule of pleading better settled than the rule which requires that a paragraph of answer, which purports to be an answer to an entire complaint, must answer the entire complaint; otherwise it must be held bad, on a demurrer thereto for the want of sufficient facts. *Conwell* v. *Finnell,* 11 Ind. 527; *Alvord* v. *Essner,* 45 Ind. 156; *Reid* v. *Huston,* 55 Ind. 173; *Smith* v. *Little,* 67 Ind. 549; *Frazee* v. *Frazee,* 70 Ind. 411.

In their complaint, the appellants sought to quiet their title to the whole of three certain parcels of real estate; while the appellee, in his answer, did not even allude to any of the real estate described in the complaint, but he asserted a claim, by purchase at a tax sale, to the undivided three-fourths only of three other parcels of real estate. It is clear, therefore, that the appellee's pleading, considered as an answer, was bad on the demurrer thereto, for the want of sufficient facts.

It is evident, we think, that the court at special term considered and treated the appellee's pleading as an answer, and not as a counter-claim; because the court found generally for the appellee, the defendant below, and did not

find that he was entitled to the relief he prayed for. But, even if the court had regarded the pleading as a counter-claim, it seems to us to be fully as defective as a counter-claim, as an answer. Indeed, we think the appellee's pleading is in no proper sense a counter-claim. Section 59 of the code reads as follows:

" A counter-claim is any matter arising out of, or con-nected with the cause of action, which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages."

By comparing the appellee's pleading with the appel-lants' complaint, a full summary of each of which we have given in this opinion, it will be readily seen, we think, that the former does not contain matter arising out of, or connected with, the appellants' cause of action, nor would it tend to reduce the appellants' claim or demand. As we have already said, the appellants sought, in their complaint, to quiet their title to three certain parcels of real estate; while the appellee, in his pleading, considered as a counter-claim, sought to enforce a tax lien against the undivided three-fourths of three other parcels of real estate, which did not appear to be, and were not alleged to be, the same real estate, or any part thereof, described in the complaint. We conclude, therefore, as we began, with the opinion, that, whether the appellee's pleading is considered as an answer or as a counter-claim, the ap-pellants' demurrer thereto, for the want of sufficient facts, ought to have been sustained.

Having reached the conclusion that the appellee's pleading is insufficient, either as an answer or as a coun-ter-claim, we deem it unnecessary for us now to consider or decide the questions arising under the alleged error of the court, in sustaining the appellee's demurrer to the second paragraph of the appellants' reply. When

the appellee has filed a sufficient answer or a sufficient counter-claim in this case, the appellants' reply thereto may differ widely from the one now in the record. The appellee's demurrer to the second paragraph of the reply ought to have been carried back to the answer, for it was certainly a good enough reply to a bad answer or counter-claim.

For the reasons given, we are of the opinion that the court in general term erred in affirming the judgment at special term.

The judgment of the court in general term is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the demurrer to the answer and counter-claim, and for further proceedings in accordance with this opinion.