## LOMAN v. MASON.

[No. 21,978. Filed November 28, 1911.]

1. BILLS AND NOTES.—*Want of Consideration.—Answers of.*—Want of consideration constitutes a defense to an action on a note; but, when alleged as a partial defense, the answer must be limited to that part of the right of action to which it is addressed. p. 572.

2. BILLS AND NOTES.—*Want of Consideration.—Partial Answer of.—Sufficiency.*—In an action on a note, an answer to so much of the complaint as seeks to recover a judgment in excess of a certain sum, alleging that there was no consideration for the notes sued on, is bad, since it professes to be a partial answer and is really a complete answer. p. 573.

From Tippecanoe Circuit Court; *Richard P. DeHart,* Judge.

Action by Leta Mason against Dorr Loman. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*Wilson & Quinn,* for appellant.

*George W. Kassabaum* and *Clarence R. Cowger,* for appellee.

JORDAN, J.—Action by appellee to recover on two promissory notes, alleged to have been executed by appellant. A substituted complaint was filed in the cause, to which an answer was filed in three paragraphs. The first was a general denial. The second was termed a partial answer to the complaint, and a demurrer for want of facts was sustained to this paragraph. This paragraph is as follows: "For further and partial answer to so much of said substi-

tuted complaint as seeks to recover judgment against this defendant in excess of the sum of $20, together with the further sum of $6 interest thereon; that there never was, nor is there now, any consideration for the execution of the notes sued on in plaintiff's complaint. Wherefore defendant prays judgment for his costs." There was a reply in denial to the third paragraph. There was a trial by the court, with finding and judgment in favor of plaintiff in the sum of $244.38. From this judgment defendant appealed, and the only error assigned and relied upon for reversal is that the court erred in sustaining the demurrer to the second paragraph of the answer.

The infirmity urged by appellee against this second paragraph of the answer is that it is pleaded in bar of the action, but that it does not answer all of the complaint which it assumes to or professes to answer.

Want of consideration in whole or in part is a good defense, but when want of consideration in part is pleaded to a cause of action it must be limited by the pleading to that part of the right of action to which it is addressed. *Moore* v. *Boyd* (1884), 95 Ind. 134. Section 372 Burns 1908, §366 R. S. 1881, permits a failure or want of consideration, in whole or in part, to be pleaded to an action "arising out of any specialty bond or deed, except instruments negotiable by the law merchant, and negotiable before falling due." If a want of consideration in part is pleaded as a defense, then the answer must not profess or purport to be in bar of the entire cause of action, for the rule is well settled that an answer in bar, to be good as against a demurrer, must answer all that it assumes to answer in the introductory part thereof. *Conwell* v. *Finnell* (1859), 11 Ind. 527; *Smith* v. *Baxter* (1859), 13 Ind. 151; *Pratt* v. *Wallbridge* (1861), 16 Ind. 147; *Billan* v. *Hercklebrath* (1864), 23 Ind. 71; *Frazee* v. *Frazee* (1880), 70 Ind. 411; *Lash* v. *Rendell* (1880), 72 Ind. 475; *Osborne & Co.* v. *Hanlin* (1902), 158 Ind. 325.

The second paragraph of the answer violates this rule of pleading, for it will be noted that the introductory part thereof contains the statement that it is a partial

2. answer "to so much of said substituted complaint as seeks to recover judgment against this defendant in excess of $20." Then follows the averment "that there never was, nor is there now, any consideration for the execution of the notes sued on in plaintiff's complaint." After assuming to be a partial answer only to the cause of action set up in the complaint, the pleader attempts to make it serve as an answer in bar of the entire cause of action alleged in the complaint.

It follows, for the reasons given, that the paragraph in question is bad, and the demurrer thereto was properly sustained.

Judgment affirmed.