FAY, executor, &c. *vs.* HOLLORAN, impleaded, &c.

35b    295
70 AD ¹258

Where a lessor dies before the rent becomes due, the rent goes to the *heir*, as incident to the reversion, and the *executor* cannot maintain an action to recover it.

No apportionment of rent is allowable between the executor of a lessor owning the fee, and the remainderman. A remainderman, who succeeds to the reversion, is entitled to the whole rent as an entire sum due to him.

The words " had accrued," in the section of the statute specifying what shall be deemed assets which shall go to the executor, (2 *R. S.* 82, § 6, *sub.* 7,) signify rents that " had become due and payable," at the time of the testator's death.

Rent cannot be reserved out of chattels personal. If such chattels are demised with land, at an entire rent, the rent issues out of the land, only.

Where the complaint alleged that the defendant rented and leased a tannery and the *tools thereto belonging*, and two dwelling houses and gardens, and the land around the tannery, for the yearly rent of $275; *Held* that the tools were to be deemed a part of the tannery.

DEMURRER to complaint. The facts are stated in the opinion of the court.

*M. Fraser*, for the plaintiff.

*J. M. Carroll*, for the defendant.

BOCKES, J. By the complaint it is alleged that Alfred B. Fay, being the owner of certain real property, consisting of a tannery, &c. in Northampton, Fulton county, let and rented the same with "the tools thereto belonging," to the defendant, for the term of five years from April 1, 1860, at an annual rent of $275, payable at the expiration of each year; that the defendant entered and occupied under such lease for the year ending April 1, 1861, and that one year's rent became due for said premises and tools on that day; that said lessor died January 8, 1861, having made a last will and testament, which was duly proved and admitted to probate on the 20th March, 1861; and that letters testamentary thereon were duly issued to the plaintiff as sole executor thereof; that he qualified and entered on his duties as such executor, and as

such executor demanded the rent of the defendant, who re-
fused to pay the same; that said rent is unpaid and due to
him as executor, wherefore he demands judgment therefor.

The defendant interposed a demurrer, assigning several
grounds; none of which need be noticed, however, except the
last—that the complaint does not state facts sufficient to
constitute a cause of action.

The plaintiff claims to recover in his character as execu-
tor—not as heir or devisee. He puts his right of action on
subdivision 7 of section 6, title 3, article 1, chapter 6, part 2,
of the revised statutes, (2 *R. S.* 82, § 6,) which provides that
rent reserved to the deceased, which had accrued at the time
of his death, shall be deemed assets, and shall go to the ex-
ecutors or administrators, to be applied and distributed as
part of the personal estate of their testator or intestate.

It must be conceded, that unless the plaintiff can recover
by force of the statute above quoted, he must fail. It has
been often decided that if the landlord dies before the rent
becomes due, it goes to the heir, as incident to the reversion.
(3 *Kent's Com.* 464. 2 *Black.* 43, *note* 69, *Wendell's ed.
Van Rensselaer's Executors,* v. *Platner's Executors,* 2 *John.
Cas.* 17. *Marshall* v. *Moseley,* 21 *N. Y. Rep.* 280. *Van
Rensselaer* v. *Hays,* 19 *id.* 68.) So it is laid down that, after
the death of the lessor, the proper person to seek a remedy
for the breach is he to whom the reversion is transmitted.
If it be the reversion of a freehold estate, the heir; or if the
lessor has devised the reversion, the devisee. And although
rent be expressly reserved to the lessor, (owner in fee,) his
executors, administrators and assigns, the *executors* cannot
have it, being strangers to the reversion, and the heir may
sue for arrears accruing after the ancestor's death. (*Note to
2 John. Cas.* 24, *and cases there cited.*)

Nor, in a case like this under consideration, can the rent
be apportioned. Judge Comstock gave the doctrine of ap-
portionment of rent a very elaborate examination in *Mar-
shall* v. *Mosely,* (*supra,*) from which it is made clearly to

Fay *v.* Holloran.

appear that no apportionment is allowable between the executor of a lessor owning the fee and the remainderman. He says, that a remainderman who succeeds to the reversion is entitled to the whole rent as an entire sum due to him.

The case of *Wadsworth* v. *Allcott* (2 *Seld.* 64) decides nothing inconsistent with the rule as laid down in the books above cited. In that case, the term ended before the testator's death; and besides, the action was for wheat held at the time of and before the conversion by the plaintiff as executor.

The words "had accrued," in subdivision 7 of section 6, signify "had become due and payable." The statute specifying what shall be deemed assets which shall go to the executor or administrator, is but declaratory of the common law. (2 *Kent's Com.* 415, *note c, 8th ed.*)

In *Marshall* v. *Mosely,* Judge Comstock, after declaring the rule of the common law to be in favor of the remainderman, remarks that there is no legislation of this state which the defendant can invoke in support of his claim. In the cases where the word "accrued" is employed in connection with this subject, I find on examination it is used as synonymous with due and payable, quite as often as in any different sense.

It is urged that in this case the rent is in part for the use of *tools;* and that a recovery may be had for the value of such use. It is stated in the complaint, that the defendant rented and leased from the testator the tannery and the *tools thereto belonging,* and the two dwelling houses and gardens, and the one and a half acre of land around the tannery, for the yearly rent of $275. As thus described, the tools should be deemed a part of the tannery. Rent cannot be reserved out of chattels personal. If such chattels are demised with land, at an entire rent, the rent issues out of the land only. (2 *Black.* 42, *note 53, Wendell's ed.* 5 *Rep.* 17, *b.* 2 *N. Y. Rep.* 224.)

The defendant is entitled to judgment on the demurrer.

[SARATOGA SPECIAL TERM, November 4, 1861. *Bockes,* Justice.]