## N. Y. MARINE COURT.

IRA G. SWIGLEY, landlord, agt. J. ALFRED JONES, tenant.

*Summary proceeding, tried October* 23, 1878.

THIS is a summary proceeding under the statute to dispossess the tenant from the premises No. 41 West Forty-fifth street, in the city of New York, rented with the furniture therein, for a term commencing August 1, 1878, and ending May 1, 1879, at $1,800 a year, payable monthly in advance. The proceeding is for non-payment of an installment of rent due under the lease, and the question presented for decision is, whether the proceeding to dispossess will lie, where, as in this case, the demise is a furnished house.

*Mr. Dawson*, for landlord.

*Mr. Talman*, for tenant.

McADAM, *J.* — The statute (3 *R. S.* [*6th ed.*], *p.* 824, *sec.* 28) provides that "*any* tenant or lessee" may be removed from demised premises, in case of holding over (*sec.* 28, *subd.* 1) or for non-payment of rent (*Ib.*, *subd.* 2). The conventional relation of landlord and tenant exists between the parties, an installment of rent is due, it has been duly demanded and remains unpaid, and yet the tenant's counsel claims that, because furniture was included in the demise, the landlord is not entitled to the summary remedy furnished by the statute, but must resort to some other mode of obtaining redress. This objection is without warrant in law.

Generally speaking, the rent issues of the whole premises demised, but if a house and furniture be comprised in a lease,

the rent will issue out of the lands or house only; and the lessor may declare, as on a demise of the land or house, without noticing the goods (2 *Platt on Leases, p.* 58, *and authorities cited*).

At common law a landlord might distrain for rent in arrear, but only on a demise of corporeal hereditaments (*Archibald on Landlord and Tenant, marg. p.* 106), but, the landlord, nevertheless, might distrain for the rent of ready-furnished lodgings (*Newman* agt. *Anderton,* 2 *Bosanquet & Puller's New Rep.,* 224), for the rent was holden to issue out of the realty alone. Chief justice MANSFIELD, in the above case, said : "It must occur constantly that the value of demised premises is increased by the goods upon the premises, and yet the rent reserved still continues to issue out of the house or land, and not out of the goods; for rent cannot issue out of goods." In *Fay* agt. *Holloran* (35 *Barb.,* 297) the court said : "Rent cannot be reserved out of chattels personal. If such chattels are demised with the land, at an entire rent, the rent issues out of the land only," citing 2 *Black.,* 42, *note,* 53 (*Wendell's ed.*); 5 *Rep.,* 17 *b.;* 2 *New York,* 224. If this were not so the statute would have no application to furnished tenements, hotels, manufactories or saw-mills, because they contained furniture or steam power. It would have no application to any house wherein the landlord owned the gas-fixtures, portable heaters or wash-tubs, and let them with the premises. Indeed, the statute would have such a limited application that its usefulness would be destroyed and further legislation required.

But there is no cause for alarm, as the law is well settled. The remedy furnished by the statute extends to all of the cases just referred to. Such has been the construction this statute has almost invariably received since its passage in 1820 (*chap.* 194), and it is rather late at this day to attempt to put upon it the narrow and stinted construction contended for by the tenant's counsel. The landlord is entitled to judgment.