## ETTA ARMSTRONG, RESPONDENT, *v.* HENRY M. CUM-MINGS AND CHARLES D. INGERSOLL, APPELLANTS.

*Summary proceedings are applicable to the lessee of a furnished house — when the court will not restrain the issuing of a warrant in such proceedings — courts take judicial notice of wards and districts in New York city.*

The court will only restrain the dispossession of a tenant, under a warrant in summary proceedings, in cases of fraud, surprise, or undue advantage in the actual conduct of the proceedings.

The court will take judicial notice that premises described by the street on which they are situated are within a certain judicial district where the entire street is within the statutory boundaries of such district.*

The provisions of the Revised Statutes authorizing the dispossession of a tenant by summary proceedings, for non-payment of rent, are applicable to a lessee of a furnished house at a gross rent; the furniture in such a case is but an incident, and the rent issues out of the land only.

APPEAL from an injunction order restraining the defendant Ingersoll from issuing a warrant (in summary proceedings) to remove the plaintiff from certain premises, and restraining the defendant Cummings from taking any further steps to dispossess the plaintiff.

On September 25, 1879, the appellant Cummings leased to the respondent Armstrong a furnished house, known as No. 149 West Forty-fifth street, New York city, for the term of one year, at the yearly rent of $1,500, payable monthly in advance.

All of West Forty-fifth street is contained within the seventh judicial district in the city of New York.

On November fifteenth Cummings, as landlord, took summary proceedings, under the statute, before CHARLES D. INGERSOLL, Esq., the justice of the seventh judicial district in the city of New York, and one of the appellants herein, to remove said Armstrong from the premises for non-payment of rent due November first. The defendant filed a counter affidavit, which was a general denial, and on the issues raised a trial was had before said justice, and a judgment was rendered in favor of the landlord and against the tenant. Thereupon the tenant obtained from Mr. Justice LAW-RENCE an injunction and order to show cause, which stayed all proceedings on the part of the landlord to dispossess the tenant.

* See *People ex rel. Duchardt* v. *Kelly,* page 549.

The temporary injunction was sustained, *pendente lite*, by order dated December fourth, from which the defendants appealed.

*George J. Peet*, for the appellants.

*H. H. Morange*, for the respondent.

BARRETT, J.:

The present injunction was granted upon two grounds : First. That only the street and number (omitting the ward) were specified in the landlord's affidavit. Second. That furniture was included in the lease.

At the outset it is apparent that these questions could, and should properly, have been raised by *certiorari*. The statute expressly forbids any court or officer by any writ or order from staying or suspending such proceedings. There are an exceedingly limited class of cases where for fraud, surprise, or undue advantage, *in the actual conduct of the proceedings*, courts of equity have interfered. But the proceedings in the case at bar were entirely regular, the tenant had every proper opportunity of being heard, and the present action is simply an irregular attempt to review the rulings of the justice.

It is insisted that the justice was without jurisdiction. If that were so it should have been proved, as a matter of fact, that the premises were not situated in either the nineteenth or the twenty-second ward. The absence of an affirmative statement on that head, *in the landlord's affidavit*, is no ground for what in substance, if not in form, is a writ of prohibition. Overruled objections to the preliminary affidavit can only be reviewed by *certiorari*. Where, in truth, the subject-matter is not within the justice's jurisdiction, that fact is the *gravamen* of the complaint and should be affirmatively averred and established. It is proper, however, to say, that the courts will take judicial notice of the statute creating these wards, and, doing so, we find the premises in question within their boundaries.

What has been said upon the subject of jurisdiction applies equally to the point with regard to the furniture. But we have no doubt of the correctness of the justice's ruling. " Rent," as defined by Bouvier and other writers, " is a return or compensa-

tion for the possession of some corporeal inheritance and is a profit issuing out of *lands or tenements* in return for *their* use." (See too Hilliard on Real Property, 227; Co. Littleton, 141, *c ;* 2 Black., 42, *n.* 53 [Wend. ed.])

The furniture was but an incident. As was said by BOCKES, J., in *Fay* v. *Holloran* (35 Barb., 297), "rent cannot be reserved out of chattels personal. If such chattels are demised with land, at an entire rent, the rent issues out of the land only." (See also, 2 Platt on Leases, 85; Archibald, Land and Ten. Marg., 106; *Newman* v. *Anderton*, 2 Bos. & P. [N. S.], 224.)

In the latter case it was held that a landlord is entitled to distrain for the rent of ready furnished lodgings, MANSFIELD, Ch. J., observing that: "It must occur constantly that the value of demised premises is increased by the goods upon the premises, and yet the rent reserved still continues to issue out of the house or land and not out of the goods; for rent cannot issue out of goods." So, the lessor may declare as on a demise of the land or house without noticing the goods. (2 Platt on Leases, 85; and cases cited.)

Were this otherwise, the statute would be practically valueless. If fully furnished houses are not within its provisions, neither are the partially furnished. And so on, whenever the slightest element of personalty enters into the rental, the statute becomes inapplicable; *e. g.*, if gas fixtures are included or a portable heater or portable washtubs.

This contention proceeds upon the idea, that where the rent of premises and the hire of furniture are mingled, there can be no apportionment. The fallacy of this reasoning becomes apparent, when we consider the legal quality of rent and the rule that it issues solely out of the land. There is, therefore, no question of apportionment and consequently no such practical inconvenience as the plaintiff suggests.

Upon this latter branch of the case we have been assisted by, and have substantially followed and adopted a MSS. opinion of Mr. Justice McADAM, in the case of *Sivicley* v. *Jones* (filed in the Marine Court November 2, 1878). If this opinion had been reported we would have contented ourselves with a simple reference to it.

The order appealed from should be reversed, with ten dollars costs and disbursements of the appeal, and the injunction dissolved.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and BARRETT, J.

Order reversed, with ten dollars costs and disbursements.