(70 App. Div. 256.)

## PRIESTER v. HOHLOCH.

(Supreme Court, Appellate Division, Third Department.　March 11, 1902.)

**1. DESCENT—RENT—DEATH OF LESSOR.**

Rent accruing after the testator's death goes to the heirs, and not to the administrator.

**2. LEASE—GIFT—NECESSITY FOR DELIVERY.**

A provision in a lease that, in case of the death of the lessor before its expiration, the rent for the unexpired term should be paid to his wife, etc., could not be construed as a gift of the rent to the wife, for want of a delivery, either actual or constructive.

**3. SAME—TRUST—EVIDENCE.**

The provision did not create a trust for the benefit of the wife.

**4. SAME—TESTAMENTARY PROVISION.**

The provision was an attempt on the lessor's part to make a testamentary disposition of a portion of his property, and, not being properly executed, was inoperative.

Appeal from special term.

Action by Mary Priester against Fredericka Hohloch, as administratrix of Jacob Priester, Jr., deceased. Judgment overruling a demurrer to the complaint, and defendant appeals. Reversed.

This action is brought by the widow of a deceased lessor, to recover rent reserved in a lease executed by him prior to his death. The complaint, in substance, avers that the plaintiff's husband leased to Jacob Priester, Jr., his farm for the term of five years from January 25, 1897, for the annual rent of $500, payable October 1, in each year; that, by the terms of such lease, it was further provided "that, in case of the death of said lessor before the expiration of said lease, the rent for the unexpired term should be paid to the wife of said lessor; that in and by said lease the rent for the unexpired term after the death of said lessor was duly assigned to plaintiff, who was the wife, and is now the widow, of said lessor, and by the terms of said lease, and the death of said lessor, plaintiff became and now is the owner of the rent which became due under said lease on October 1st, 1900." It further avers that such lessee entered under such lease on January 25, 1897, and that he died January 2, 1898, intestate, and that this defendant is his duly qualified administratrix; that the lessor died intestate December 22, 1898; that on October 1, 1900, there became due under the terms of such lease, from the defendant as such administratrix of said lessee, to the administrators, successors, or assigns of said lessor, the sum of $500; that the administrators of said deceased lessor, on December 4, 1900, for value received, sold and assigned to plaintiff the said lease, and all moneys due and to grow due thereunder, and all their rights and claims therein and thereunder. It also further avers that the lessor was the owner in fee of the said premises, and that the plaintiff, as the widow of said deceased lessor, has a dower interest in the premises so leased. It further avers a proper demand upon the defendant, as administratrix of said deceased lessee, for the $500 of rent so becoming due on October 1, 1900, and that she has rejected the claim and refused to pay it. The complaint then prays judgment for a recovery of the same. The defendant demurred to such complaint, on the ground that it does not set forth a cause of action. The court at special term overruled such demurrer, and from the interlocutory judgment entered upon such decision this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Hiram C. Todd and Edgar T. Brackett, for appellant.

John Foley, for respondent.

PARKER, P. J. The theory that the plaintiff acquired the right to maintain this action as the assignee of the administrators of her deceased husband cannot be sustained, for the reason that such administrators never themselves acquired any right to the rent in question. It is rent accruing for the year beginning January 25, 1900, and the lessor had been dead more than a year prior to that date. Unless the plaintiff's claim, that she took this rent under the terms of the lease, can be sustained, it passed with the title of the farm to the heirs of such lessor, and they alone could collect it. The administrators, as such, under the statute took no interest in it (Fay v. Holloran, 35 Barb. 295); and I understand that the plaintiff's counsel does not now urge any such claim upon us.

The averments in the complaint that, by the lease, this rent for the unexpired term was assigned to the plaintiff, and that, by its terms, upon the lessor's death, she became the owner of this rent, can be considered as conclusions of law only. No provisions of the lease are given, except those above cited; and the plaintiff's rights, if any, are given by that provision. Does such a provision give to the wife a right of action for the rent in question? It cannot be construed as a gift to her of such rent, for the one sufficient reason, if for no other, that there is no deliverey to her of the thing given, either actual or constructive. No effort at a symbolical delivery is attempted. Her whole interest rests upon a mere promise, which becomes operative only after her husband's death. It cannot be deemed a trust created for her benefit, for the reason that it does not assume to put the title to such rent in any person as trustee for her. The relation of the lessee is but that of a debtor for the rent, as it accrues. The fund, upon which it is claimed a trust is impressed, was not in existence when the lease was executed. It could not come into existence until after the lessor's death, and it might never come into existence. No words importing a trust, or indicating that the lessee had any purpose of assuming such a position, appear in the lease. As to so much of the rent as might accrue after the lessor's death, the lessee agrees, as a debtor, to pay it to the wife; but surely we cannot reasonably construe such language as an undertaking on his part to be liable to account to her, as a trustee for the same, nor as indicating an intent, on the part of either, that he should do so. It is to be noticed that there is no claim of any indebtedness from the husband to the wife; and, in cases of "voluntary settlements or gifts, the court will not impute a trust when in fact a trust was not the thing contemplated." Young v. Young, 80 N. Y. 438, 36 Am. Rep. 634. And no exception to this rule is made in favor of a wife or children. Id., 80 N. Y. 437, 36 Am. Rep. 634. See, also, Sullivan v. Sullivan, 161 N. Y. 554, 558, 56 N. E. 116.

Moreover, it is plain that this provision in the lease amounts to nothing more than an attempt to make a voluntary disposition of a portion of the lessor's property, for the benefit of his widow, after his death. Had the lease contained no provision as to the payment of rent, save that it be paid on the first of October annually, it would be payable to the lessor for the whole term. In the event of his death, all rent that accrued afterwards would be payable, under the statute,

to his heirs. The provision in question seeks to change the statutory succession,—to divert such rent from the heirs to the widow. It operates in no other way. The promise to pay the widow is not operative until after the death of the lessor, and she neither acquires any interest nor is there any that she can acquire until after such death. The lessor during life parts with nothing. On the contrary, he is to have the entire rent during that period. The promise, therefore, is clearly in the nature of a will or a testamentary disposition (In re Diez, 50 N. Y. 88, 93; Gilman v. McArdle, 99 N. Y. 452, 461, 2 N. E. 464, 52 Am. Rep. 41), and hence is inoperative, because not properly executed. Being inoperatve on that account, of course no action can be maintained upon such promise. Hence the demurrer to her complaint should have been sustained. The interlocutory judgment must be reversed, with costs, with leave to the plaintiff to amend upon the usual terms.

CHASE and FURSMAN, JJ., concur.

KELLOGG, J. The plaintiff cannot maintain an action on the lease, for the reason that she is not a party to the lease, and there is no consideration for the promise to pay rental to her. If she acquired any property right through the terms of the lease, she did so at the time the lease was executed, and such property right could not be subsequently destroyed without her consent. The contingency of payment of rental to her only in case she should survive the lessor does not affect the legality of the promise. It is only a measure of the property interest intended to be vested in her. The bare fact that plaintiff was the wife of the lessor is not a sufficient consideration to support the promise for her benefit contained in the lease. This seems to be the conclusion reached in the following cases: Lawrence v. Fox, 20 N. Y. 268; Durnherr v. Rau, 135 N. Y. 219, 32 N. E. 49; Buchanan v. Tilden, 158 N. Y. 109, 52 N. E. 724, 44 L. R. A. 170, 70 Am. St. Rep. 454. And for the reasons here stated I concur in the reversal of the order.

SMITH, J., concurs.